Kenneth H. GUNTHER, Appellant,

v.

UNITED STATES of America, Appellee.

No. 12746.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 3, 1955.

Decided Feb. 2, 1956.

viction. On July 1, 1954, we remanded it to the District Court "with directions to determine in a hearing whether appellant was competent to stand trial when he was tried and sentenced."[1] Thereupon, on December 8, 1954, the District Court appointed counsel to represent Gunther. Pursuant to our directive the United States Attorney moved the court, under Section 4244, Title 18, United States Code,[2] for a determination of the mental competency of the defendant. On February 4, 1955, the District Court appointed another lawyer to represent the defendant, and the hearing commenced at eleven o'clock in the morning that same day. Gunther was represented by the newly-appointed counsel. This was not the sort of hearing required by our mandate. The case will be remanded with directions that the District Court appoint counsel who may have a reasonable opportunity to prepare for the hearing; this is the course of action upon which the District Court first embarked after the remand in July, 1954.

In connection with any such hearing, the following comment is required. At the hearing on competency the lawyer who had been trial counsel for Gunther was called as a witness on behalf of the Government. He was asked whether in his opinion as a layman he felt Gunther was competent to stand trial and to assist him during the course of the trial. We are of opinion this lawyer could not be called upon to testify upon that matter. If trial counsel in a criminal case could be called by the Government and asked to give an opinion as to the accused's competency and ability to assist in the defense, he could necessarily also be asked for the factual data upon which he premised his opinion. These questions would open to inquiry by the Government the entire relationship between the accused and his counsel. Such revelations would be a violation of the attorney-client priv-

Mr. Bennett Boskey, Washington, D. C. (appointed by this Court), for appellant.

Mr. Lewis Carroll, Asst. U. S. Atty., with whom Mr. Leo A. Rover, U. S. Atty., and Mr. Victor W. Caputy, Asst. U. S. Atty., were on the brief, for appellee.

Before PRETTYMAN, BAZELON and DANAHER, Circuit Judges.

PER CURIAM.

This case was here in 1954 upon an appeal from a judgment of con-

1. Gunther v. United States, 94 U.S.App. D.C. 243, 247, 215 F.2d 493, 497.

2. 63 Stat. 686 (1949).

ilege and would also invade an accused's right to counsel in the trial of the criminal charge.

 We call the District Court's attention to the certificate of Dr. Thomas E. Griffin, Chief, Legal Psychiatric Services, dated September 14, 1955. We were apprised of the existence of this certificate by the United States Attorney pursuant to an inquiry by a member of this court as to Gunther's present status. If in light of this certificate and lapse of time since the trial the District Court shall be of opinion that a *nunc pro tunc* determination of Gunther's mental competency when he was tried and sentenced is impracticable, it may either (1) set aside the judgment of conviction and order a new trial, preliminary to which an examination of Gunther's present competency will be *in order, or (2) forthwith order a lunacy* inquisition.

Reversed and remanded.