ROBERT CLINTON PARKER *v.* STATE OF ARKANSAS

5745                                        484 S.W. 2d 91

Opinion delivered September 4, 1972-

*Nolan, Alderson & Jones,* for appellant.

*Ray Thornton,* Atty. Gen., by: *James A. Neal,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. On March 2, 1971, appellant entered a plea of guilty to a charge of first degree murder, having previously pleaded not guilty and not guilty by reason of insanity on January 18, 1971. In the interim, he was committed to the Arkansas State Hospital for 30 days for observation and examination. The hospital report included a finding that appellant was not mentally ill to the extent of legal irresponsibility at the time of the examination and probably not at the time of the alleged commission of the offense charged. Before accepting the plea of guilty, the trial judge explained to appellant the rights he would relinquish by a plea of guilty and the sentences possible on trial. He also made appropriate inquiries to determine that the change of plea did not result from promises or coercion. In considering the acceptance of the plea, the circuit judge stated that he was cognizant of the records pertaining to appellant in the Arkansas State Hospital and in federal hospitals and that he was of the opinion that a jury might give consideration to a plea of not guilty by reason of insanity.

On January 18, 1972, appellant filed his petition under Criminal Procedure Rule 1 for vacation of his sentence to life imprisonment. He alleged that at the time he changed his plea he was in a "state of demented capacity," incapable of deliberating soundly upon his acts and "on medication of 800 Thorizene a day." This petition was denied by the circuit court without an evidentiary hearing, upon findings that petitioner was not mentally ill to the degree of legal irresponsibility on the date his plea of guilty was entered and that the petition and files and records of the case conclusively show that petitioner is entitled to no relief. These findings were based upon the report of the examining psychiatrist at the Arkansas State Hospital and

the record of the hearing when the plea was accepted by the court.

We find nothing in the record about the mental capacity of appellant on March 2, 1971. Denial of relief from a sentence upon the ground of alleged mental incapacity at the time of trial without a hearing on that issue, either at the time of trial or upon a postconviction motion was held to be erroneous in *Walker v. State*, 251 Ark. 182, 471 S.W. 2d 536. While a trial, not a plea of guilty, was involved in *Walker*, we then pointed out that this court had held that a defendant under sentence was entitled to a hearing upon the question of his sanity at the time of either trial or sentence, if the fact of the alleged insanity at that time was not then made known to the court, even before the adoption of Criminal Procedure Rule 1.

Accordingly, the judgment is reversed and the case remanded for further proceedings not inconsistent with this opinion.