HAROLD RAY STONE *v.* STATE OF ARKANSAS

CR 73-19                                    494 S.W. 2d 715

Opinion delivered May 28, 1973

*Nolan, Alderson & Jones,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *O. H. Hargraves,* Deputy Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. This is a petition for postconviction relief under Criminal Procedure Rule 1. The petitioner, charged with first degree rape (then a capital offense), entered a negotiated plea of guilty to second degree rape and was sentenced to confinement for

21 years. He now asserts that his plea of guilty was motivated by fear, in that his court-appointed counsel told him that if he resisted the charge of first degree rape he would probably receive the death sentence. The trial judge denied the petition without an evidentiary hearing, holding, under Rule 1 (C), that the record made when Stone pleaded guilty showed conclusively that his plea was voluntary. The principal issue here is whether a hearing should have been ordered.

Stone was accompanied by his counsel when he pleaded guilty to second degree rape. The trial judge, before accepting the plea, questioned Stone in detail. Stone assured the court that his plea was voluntary, that there had been no duress, threat, enticement, or promise of reward, that he had discussed the matter with his two court-appointed attorneys and was satisfied with their services, that he knew that he was waiving his right to a jury trial, and that he understood the terms of the negotiated plea.

We quote the allegations of Stone's petition, with respect to the point now at issue:

"That the court-appointed counsel, Winston Byron Thomason, was incompetent in as he refused to ask the Court for a change of venue. Counsel further stated that if he fought the case, he, the Defendant, would probably end up with the electric chair. That the only choice he the defendant had, was to take a twenty-one (21) year sentence. After several conferences between my court-appointed counsel and the Prosecuting Attorney, portions of which were relayed to me by my court-appointed attorney in behalf of the Prosecuting Attorney, I was placed in such fear as to be [un]able to adequately confer and consult with my court-appointed attorney, due to the undue pressure brought to bear upon me by the Prosecuting Attorney and counsel."

We have considered similar situations in earlier cases, but none of our prior opinions is so directly in point as to be controlling. In Cullens v. State, 252 Ark. 995, 482 S.W. 2d 95 (1972), we directed that an evidentiary hearing be held, but the record made when the plea of guilty was accepted in that case was not as comprehensive as it is in

the case at bar. In fact, we stated that the record would have been much clearer if the trial judge had inquired of the accused if he was satisfied with the services of his attorney. That inquiry was made here. In a later case, *Stallins* v. *State*, 254 Ark. 137, 491 S.W. 2d 788 (1973), we sustained the trial court's refusal to order an evidentiary hearing, saying: "Before accepting the plea and sentencing appellant to twenty years in the Department of Corrections, the trial court not only satisfied himself that appellant was voluntarily pleading guilty to a crime he had committed but caused a record to be made of the proceedings had. This record clearly demonstrates that there is no merit to the many contentions that appellant now makes."

The pivotal question in the present case is whether the allegations in Stone's petition, which we have quoted, contain sufficient statements of *fact* to raise substantial doubt about the voluntary nature of his plea, in view of the record that was made when the plea was entered. In studying that question we have been enlightened by two recent decisions construing the federal statute, which, like our Rule 1, contemplates the denial of a postconviction petition when the record shows conclusively that the prisoner is entitled to no relief. 28 U.S.C. § 2255.

In *Fontaine* v. *United States*, 411 U.S. 213 (1973), the petition contained detailed statements of fact describing events pertinent to the petitioner's waiver of counsel and plea of guilty. It was asserted that the petitioner had been ill from a recent gunshot wound that required hospitalization, that he had been physically abused and subjected to prolonged interrogation (the precise allegations not being set forth in the court's opinion), and that following the plea petitioner was again hospitalized for heroin addiction, for aggravation of the gunshot wound, and for other severe illnesses. The court concluded that the record did not conclusively show that the petitioner was entitled to no relief.

On the other hand, in *United States* v. *Journey*, 474 F. 2d 1003 (8 Cir. 1973), a petition asserting that a plea of guilty had been involuntary was denied because the petition "was too vague and was stated in conclusory terms." From the opinion:

"Many extrinsic circumstances may serve as motivation for a defendant to enter a plea of guilty and forego a jury trial. However, where the record demonstrates that a factual basis exists for the plea, that at the time of the guilty plea the defendant admitted that it was voluntarily and freely given without promises, and that Federal Rule of Criminal Procedure 11 was given full compliance, the petitioner then faces an uphill climb to overcome the consequences of the plea. As we observed in *Langdeau* v. *South Dakota*, 446 F. 2d 507, 509 (8 Cir. 1971):

" 'Petitioner's deliberate choice to waive trial cannot be easily eradicated years after the event. Many considerations may influence a defendant to plead guilty. However, these influences cannot serve to set aside a guilty plea made where counsel is present and the defendant is shown to be capable of making a deliberate and knowing decision.' "

Here, as in *Journey*, the petitioner's allegations are vague and conclusory. It is charged that counsel refused to ask for a change of venue, but no basis in fact for such a request is even hinted at. It is asserted that counsel stated that if Stone fought the case he would probably end up in the electric chair, but no fact is set forth to indicate even remotely that counsel's advice was in any way inaccurate or contrary to the accused's best interest. Pleas of guilty—especially negotiated ones—are designed to avoid the necessity of a trial, with advantages both to the State and to the defendant. It is essential that such pleas have some measure of stability. If the allegations in the case at bar are sufficient to require an evidentiary hearing, in the face of the record made when the plea was entered, then it is evident that every plea of guilty, without exception, is subject to re-examination at the whim of the prisoner. The trial court was right in refusing to order a hearing.

Stone's petition contains other allegations, including assertions that at the time of his arrest he was not informed of his right to counsel, that he was arrested without a warrant, that he was confined for fourteen days before being taken before a magistrate or judge, and that no bond hearing was held. Those various allegations have nothing

to do with Stone's guilt or innocence. It is not asserted that the matters complained of were factors in Stone's decision to plead guilty. Such possible defenses were waived by the plea of guilty. *Wilson* v. *State*, 251 Ark. 900, 475 S.W. 2d 543 (1972).

Affirmed.