ROBERT CLINTON PARKER *v.* STATE OF ARKANSAS

CR 73-49                                        496 S.W. 2d 430

Opinion delivered July 9, 1973

*Little & Lawrence,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *James W. Atkins,* Asst. Atty. Gen., for appellee.

J. Fred Jones, Justice. This is an appeal by Robert Clinton Parker from a circuit court judgment denying post-conviction relief following a Rule 1 hearing conducted upon remand by this court in *Parker v. State,* 253 Ark. 8, 484 S.W. 2d 91. The appellant was charged on information with the crime of first degree murder in the killing of Lola Ann Richardson in Benton County, Arkansas. He entered pleas of not guilty and not guilty by reason of insanity. He was committed to the State Hospital where he was found without psychosis after which he was returned to Benton County to await trial.

Parker was represented by two court appointed attorneys and on March 2, 1971, he appeared with his attorneys in open court and changed his plea from not guilty to guilty. The trial court made thorough inquiries as to the voluntariness of the change in plea and waiver of a jury trial and the court fully advised Parker of the rights he was waiving by a plea of guilty as well as the possible penalty following a plea of guilty. The trial court accepted the plea of guilty and sentenced the appellant to life in the penitentiary. At the time the plea was entered on March 2, 1971, the death penalty was the maximum penalty for first degree murder in Arkansas.

At the Rule 1 hearing on November 7, 1972, Parker contended that he was under the influence of the drug Thorozine at the time he changed his plea from not guilty to guilty; that he was unable to deliberate on the consequences of his plea of guilty, and that this change in plea was not the result of his free and voluntary act. He called as witnesses George Clay, a deputy sheriff who was in charge of the county jail while Parker was incarcerated there, and also called Drs. Donald M. Cohagan and Stephen Finch who testified.

Mr. Clay testified that Parker was complaining of illness and requested that he be seen by a physician. He said that he called Dr. Donald M. Cohagan who examined Parker in the jail and prescribed 50 milligram doses of Thorozine to be taken four times a day. He said he administered the medication to Parker and that the dosage was later increased by Dr. Cohagan to 200 milligrams to be administered four times a day. He said that as a usual procedure he administered the medication at breakfast in the morning, at noon, at the evening meal and at bedtime. He said that on the day Mr. Parker appeared in court and pleaded guilty, he did not provide breakfast for the prisoners that morning and does not know whether the medication was administered at breakfast or not. He said that Parker was in court during the noon hour on that day.

Dr. Cohagan testified that Thorozine is a tranquilizing agent used in suppressing agitation and anxiety and has the common effect of a sedative. He said he first prescribed 50 milligram doses for Parker to be taken four times per day but later increased the dosage to 200 milligrams when he found that the smaller dosage was ineffective and Parker told him he had been taking 800 milligrams a day.

Dr. Finch testified that the effect of 800 milligrams of Thorozine per day would vary with individuals depending upon the extent of their agitation and level of immunity to the drug by prior use. He said he would be unable to determine what effect the dosage would have on Mr. Parker without having had the opportunity to examine him.

The trial court had the advantage of observing Parker when he questioned him concerning the voluntariness of his change in plea from not guilty to guilty. There is no evidence in the record, except Parker's own testimony, that his judgment was at all affected by the consumption of drugs when he withdrew his plea of not guilty and entered his plea of guilty. The circumstances in connection with the homicide are not before us but as already stated, the appellant was represented

by two attorneys; the death penalty was the maximum penalty for first degree murder when the appellant changed his plea from not guilty to guilty and was sentenced to life imprisonment. For all practical purposes the death penalty had been abolished in Arkansas when Parker changed his plea from not guilty to guilty.[1] The two attorneys who represented Parker when he changed his plea, attended the Rule 1 hearing under subpoena by Mr. Parker but neither of them was called to testify.

The judgment is affirmed.

[1]See *Furman* v. *Georgia,* 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed. 2d 346 (June 29, 1972).