**Marcus Junior CLANTON,**
**Petitioner-Appellant,**

v.

**UNITED STATES of America,**
**Respondent-Appellee.**

No. 73-2637.

United States Court of Appeals,
Fifth Circuit.

Jan. 25, 1974.

Rehearing and Rehearing En Banc
Denied Feb. 25, 1974.

John A. Chandler, Atlanta, Ga. (Court-appointed), for petitioner-appellant.

Robert L. Smith, J. Owen Forrester, Anthony M. Arnold, Asst. U. S. Attys., Atlanta, Ga., for respondent-appellee.

Before COLEMAN, AINSWORTH and GEE, Circuit Judges.

AINSWORTH, Circuit Judge:

Appellant Marcus Junior Clanton brought this appeal from an unfavorable decision denying him relief under 28 U.S.C. § 2255. The sole issue is whether he was mentally competent when he entered pleas of guilty, then represented by counsel, and was sentenced on two charges of bank robbery.

The record shows that a psychologist, Dr. Boone, in a report dated January 12, 1972, found that Clanton was competent to stand trial. Clanton was also examined at the United States Penitentiary Hospital in Atlanta on January 18, 1972 by a psychiatrist, Dr. Mascort, who concluded that Clanton was not at that time mentally competent to stand trial. Several months thereafter, on April 11, 1972, Dr. Alderete, chief medical officer of the penitentiary and a psychiatrist, after examination of Clanton, concluded that he was then mentally competent to stand trial. At Clanton's request, he was examined by Dr. Brannon, a psychiatrist in Atlanta, whose report dated June 21, 1972 to the court held that Clanton was mentally competent to stand trial. Clanton pleaded guilty to the Atlanta bank robbery on July 10, 1972, and shortly thereafter, on August 3, 1972, pleaded guilty to the second bank robbery which had occurred in Miami, the case having been transferred to Atlanta under Rule 20, Fed.R.Crim.P.

Several weeks after sentence, on August 21, 1972, Dr. Alderete again examined Clanton and stated that he would have been competent to stand trial at that time.

The principal point relied upon by appellant on this appeal is that at the section 2255 evidentiary hearing the district court erroneously admitted testimony by Clanton's trial counsel concerning his client's mental competence, in violation of his attorney-client privilege. Clanton's trial attorney, M. C. Mykel, had been a state juvenile court probation officer and a social worker and had had extensive training with psychiatrists and psychologists. He testified that there was nothing to indicate that Clanton was incompetent or could not fully cooperate with him; also that he believed Clanton was mentally competent on July 10, 1972 and August 3, 1972, when he entered his guilty pleas which are the subject of the present petition, and that he would not have permitted his client to plead guilty knowing he was not mentally competent.

Appellant relies on Gunther v. United States, 1956, 97 U.S.App.D.C. 254, 230 F.2d 222, where a judgment was reversed because an accused's attorney was allowed to express an opinion as to his client's competency and ability to assist in the defense. The Government argues that *Gunther* is distinguishable on its facts. Without deciding whether it is or not, we think the better view on the law is expressed by the Fourth Circuit in United States v. Kendrick, 1964, 331 F.2d 110, where that court held that an accused's attorney was properly permitted to testify as to his client's mental competency at the time of trial. Kendrick's attorney did not testify to any private communications between the client and attorney nor to the substance of such communications. His testimony was limited to nonconfidential matters, such as whether his client was responsive, readily supplied the attorney with his version of the facts and names of people involved, was logical in conversation and reasoning, and appeared to know and understand everything that went on before and during the trial. The Fourth Circuit said in its opinion

that it need not consider whether filing of the section 2255 petition constituted a waiver of the attorney-client privilege, or "whether such an assertion is always so necessarily an implicit attack upon the competence of trial counsel as to amount to a waiver of the privilege to the extent necessary to enable trial counsel to defend himself and his reputation." *Id.* at 113. The court held:

"Communications made in confidence by a client to his attorney are protected by the attorney-client privilege. It is the substance of the communications which is protected, however, not the fact that there have been communications. Excluded from the privilege, also, are physical characteristics of the client, such as his complexion, his demeanor, his bearing, his sobriety and his dress. Such things are observable by anyone who talked with the client, and there is nothing, in the usual case, to suggest that the client intends his attorney's observations of such matters to be confidential. In short, the privilege protects only the client's confidences, not things which, at the time, are not intended to be held in the breast of the lawyer, even though the attorney-client relation provided the occasion for the lawyer's observation of them. See generally VIII Wigmore, Evidence (McNaughton Revision) § 2306." [Footnote omitted.] *Id.* at 113–114.

Here, as in the *Kendrick* case, the attorney's testimony did not relate to private, confidential communications with his client but pertained to his observations of his client during the time of communication prior to and at the entry of the pleas of guilty. He was qualified as a layman to express a view as to his client's mental competency. United States of America v. Milne, 5 Cir., 1973, 487 F.2d 1232.[1] Such testimony was properly received together with other evidence at the hearing in the present case. The transcripts of the proceedings at the time of entry of the pleas of guilty give no indication in Clanton's answers to questions posed to him at that time, or in colloquy with the district judge, that there was anything in his behavior that suggested mental incompetence. Judge Edenfield, who accepted the guilty pleas, and likewise was the trial judge who heard this section 2255 case, found that there was no evidence supporting Clanton's plea of incompetency. He therefore correctly dismissed Clanton's petition.

Affirmed.

---

1. In United States v. Woodall, 5 Cir., 1971, on rehearing en banc, 438 F.2d 1317, 1322, 1324, we held that a defendant who sought to withdraw guilty pleas on the ground that he lacked knowledge of the sentence consequences, thereby waived the right to bar the reception of evidence as privileged; accordingly, that there was no error in receiving evidence of his trial counsel as a witness, that he had fully informed the defendant prior to entry of guilty pleas of the maximum limits of punishment under the indictments.