**Robert C. PARKER, Appellant,**

v.

**A. L. LOCKHART, Appellee.**

No. 75–1719.

United States Court of Appeals, Eighth Circuit.

Submitted March 4, 1976.

Decided March 16, 1976.

Webster L. Hubbell, Rose, Nash, Williamson, Carroll, Clay & Giroir, Little Rock, Ark., filing brief, for appellant.

Jim Guy Tucker, Atty. Gen., and Gary Isbell, Asst. Atty. Gen., Little Rock, Ark., filing brief, for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

Robert C. Parker, an Arkansas state prisoner serving a life term for murder in the first degree, seeks relief from his conviction upon a guilty plea alleging that said plea was made involuntarily since Parker was taking Thorazine, a tranquilizing medi-

cation, at the time the state court accepted the guilty plea.[1]

District Judge Warren K. Urbom of Nebraska, sitting by special assignment in the Eastern District of Arkansas, conducted a full hearing and denied Parker's petition. We affirm.

The record shows that while awaiting disposition of criminal charges, Parker's physician prescribed 200 mg. of Thorazine four times daily for a total daily dose of 800 mg. Adminstration of Thorazine to Parker began on October 7, 1970, at a daily dosage of 200 mg. On October 27, the dosage was increased at Parker's request to 800 mg. daily. With the exception of the month from December 15 to January 18, during which Parker's mental condition was being evaluated by Arkansas State Hospital, this dosage continued until March 2, 1971, at which time Parker entered a guilty plea.

The expert medical testimony in this record does not establish that a person ingesting 800 mg. of Thorazine per day cannot make knowing and intelligent decisions. Instead, it indicates that over varying periods of time the effects may vary from person to person. At the hearing on his petition, appellant-Parker invoked the attorney-client privilege, thus precluding the attorney who represented him at the guilty plea from testifying as to Parker's state of mind or to any conversations with Parker.[2] However, this attorney did testify that Parker changed his plea to guilty as part of a plea bargain to avoid a death sentence.

Judge Urbom denied Parker relief after fully reviewing the record made in state court and supplemented in the federal district court, finding that petitioner-Parker "was capable of making a free, voluntary and knowing plea of guilty * * *." The district court rejected Parker's contention that a guilty plea is *per se* involuntary if the defendant is receiving drugs at the time as part of a medical treatment.

We agree with Judge Urbom's conclusions. The petitioner has failed to sustain his burden of proving that his plea of guilty was not knowing and voluntary.

Affirmed.

---

1. The state court initially denied Parker any relief. *Parker v. Arkansas,* 254 Ark. 878, 496 S.W.2d 430 (1973).

2. Appellant's objection was sustained both as to confidential communications with his attorney and as to observations by the attorney of his behavior and apparent mental state. We do not mean to suggest that the attorney-client privilege extends to such observations by counsel of his client. *Compare Malinauskas v. United States,* 505 F.2d 649, 655 (5th Cir. 1974); *McCormick's Handbook of the Law of Evidence* § 87, at 175–76 (2d ed. E. Cleary), *with Gunther v. United States,* 97 U.S.App.D.C. 254,

230 F.2d 222 (1956). *See also* Fed.R.Evid. 701, 705. Nor do we decide whether the allegation that an attorney permitted an incompetent client to plead guilty to first degree murder sufficiently challenges the attorney's competence to allow the attorney to defend his conduct. *See Clanton v. United States,* 488 F.2d 1069, 1071 (5th Cir. 1974), *cert. denied,* 419 U.S. 877, 95 S.Ct. 140, 42 L.Ed.2d 116 (1975); *United States v. Kendrick,* 331 F.2d 110, 113 (4th Cir. 1964). Our decision does not rest on any adverse inference drawn from appellant's claim of privilege but upon the absence of adequate proof by appellant to sustain his claim.