**Lloyd UNDERWOOD, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 37725.

Missouri Court of Appeals,
St. Louis District,
Division One.

May 24, 1977.

Motion for Rehearing and/or Transfer
Denied July 21, 1977.

Carter & Becker, P. C., Charles F. Du-Four, Clayton, for movant-appellant.

John D. Ashcroft, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Courtney Goodman, Jr., Pros. Atty., John A. Newton, Asst. Pros. Atty., Clayton, for respondent.

CLEMENS, Presiding Judge.

Movant Lloyd Underwood appeals the circuit court post-hearing judgment denying his Rule 27.26 motion.

June 7, 1971 movant had pleaded guilty to second degree murder. Movant had been in the St. Louis County jail pending trial on an armed robbery charge when he and a fellow inmate attempted to escape and a guard was killed.

Before accepting the guilty plea, the court questioned movant in detail to determine his understanding of the proceedings. The court fully informed movant of his rights and the effect of pleading guilty. Movant acknowledged as conditions of the plea negotiations that the state would dismiss other pending charges. He told the court he had not been threatened or promised anything to plead guilty and related his prior criminal record. The court questioned movant about use of alcohol and drugs. He answered that he was not addicted but ad-

mitted he had used narcotic drugs in the past, saying, "But I am not now." Despite numerous opportunities movant declined to change his mind about pleading guilty.

By his Rule 27.26 motion movant contends his guilty plea was made out of fear and coercion, was made under the influence of drugs and was made involuntarily.

Movant now contends the post-conviction trial court erred by: (1) allowing his trial counsel to testify as to his mental status, (2) finding movant was not under the influence of drugs and (3) finding his guilty plea was not induced by physical force. Our review is "limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous." Rule 27.26(j).

■ By his first point, movant claims error in admitting his trial counsel's testimony regarding his mental status before and at the time of his guilty plea. His two-fold argument: the information was privileged and trial counsel was not a qualified witness.

We deny movant's contention of privilege. Counsel's testimony did not disclose any private communications but merely stated his observation of movant's mental status before and during the plea of guilty. No error here.[1] Further, even if privileged, movant waived it by raising the issue of his incompetency.

■ We also deny the second prong of movant's argument and hold his trial counsel was qualified to testify to movant's mental capacity. A lay witness may testify as to another's mental condition if the opinion is based on adequate observation and the witness relates specific facts to support the opinion. *Gillmore v. Atwell,* 283 S.W.2d 636[5] (Mo.1955). Counsel and movant had "spent considerable time together" and counsel had sufficient opportunity to observe movant's mental condition. We hold counsel was a qualified lay witness.

■ By movant's next point he contends the trial court erred in finding he was not under the influence of drugs when he entered his guilty plea. At the plea proceedings movant denied being on drugs but at the evidentiary hearing testified he had taken 15 pills and was experiencing a "high" on the day he entered his guilty plea. His testimony was vaguely corroborated by several jail inmates. Movant now points out that the state offered no contrary evidence. In a Rule 27.26 evidentiary hearing the trial court has the right to reject movant's uncontradicted testimony *Griffin v. State,* 513 S.W.2d 706[6, 7] (Mo. App.1974).

■ Here, the record of the guilty plea proceedings abounds with signs of movant's comprehension. The trial court was not clearly erroneous in finding movant was not under the influence of drugs when he pled guilty.

Finally, movant contends the trial court erred in denying his point that his plea was induced by physical force. At the time he pled guilty movant said he was not threatened. At the evidentiary hearing movant and fellow prisoners testified to incidents of brutality by jail guards, but the guards denied this.

■ The weight of the evidence and credibility of witnesses are for the trial court to decide. *State v. Taylor,* 529 S.W.2d 427[1] (Mo.App.1975). On review of the denial of movant's Rule 27.26 motion, we accord due deference to the trial court's determination of credibility, and since we find no abuse of discretion we accept that decision. *Kessler v. State,* 524 S.W.2d 221[3] (Mo.App.1975).

Judgment affirmed.

DOWD and SMITH, JJ., concur.

---

1. See *Clanton v. United States,* 488 F.2d 1069 (5th Cir. 1974) following *United States v. Kendrick,* 331 F.2d 110 (4th Cir. 1964).