Bobby PETTIGREW *v.* STATE of Arkansas

CR 77-157                                    556 S.W. 2d 880

Opinion delivered October 31, 1977
(Division I)

*Floyd G. Rogers,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Jackson Jones,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. On January 16, 1977, Pettigrew and two others were jointly charged with the commission of armed robbery on the preceding day. On March 28 Pettigrew and his retained attorney, Bill Haworth, appeared in open court and entered a negotiated plea of guilty. The court, before accepting the plea, fully informed Pettigrew of his rights. In response to questions by the court Pettigrew stated that no one had used any force or mistreatment to compel his plea of guilty and that he was satisfied with the services of his attorney. The court accepted the plea of guilty and entered the recommended sentence — 20 years' imprisonment with 11 ½ years suspended. The court allowed Pettigrew to remain at liberty on bond until May 1, to terminate his affairs.

In the latter part of April Pettigrew employed his present counsel and filed a motion to withdraw his plea of guilty, on the ground that his first attorney had told him that if Pettigrew did not plead guilty the attorney "would walk out on him." At a hearing upon the motion Pettigrew testified on direct examination only that when he pleaded guilty he did not know that his first attorney had been "defrocked from a judgeship in Oklahoma." On cross-examination Pettigrew admitted that on the morning of his plea his attorney had told him several times, in the presence of the prosecuting attorney, that it was strictly up to him whether he pleaded guilty or went to trial. Pettigrew testified, however, that after that his attorney said that he would walk out on him if he didn't plead guilty. The trial judge refused to set aside the plea.

The Rules of Criminal Procedure permit the court to allow the withdrawal of a plea of guilty if necessary to correct a "manifest injustice." Rule 26.1 (1976). Here the only perti-

nent ground for withdrawal that might be asserted under that Rule is that the plea of guilty was entered involuntarily. The trial judge, who had the advantage of observing Pettigrew as he testified, was not required to accept his repudiation of his earlier statements that he had not been mistreated and was satisfied with the services of his attorney. Furthermore, a plea of guilty is not to be lightly disclaimed a few days later, as Pettigrew attempted to do. We adhere to the views expressed in *Stone* v. *State,* 254 Ark. 566, 494 S.W. 2d 715 (1973), where, as here, the defendant sought to repudiate his original statement that his plea was voluntary:

> Pleas of guilty — especially negotiated ones — are designed to avoid the necessity of a trial, with advantages both to the State and to the defendant. It is essential that such pleas have some measure of stability.

We are not convinced in this case that the withdrawal of the plea is necessary to correct a manifest injustice.

Affirmed.

We agree. HARRIS, C.J., and ROY and HICKMAN, JJ.