Lyndale WALKER *v.* STATE of Arkansas

CR 82-56                                             641 S.W.2d 19

Supreme Court of Arkansas
Opinion delivered November 1, 1982

*Duncan M. Culpepper,* for appellant.

*Steve Clark,* Atty. Gen., by: *Matthew Wood Fleming,* Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. On June 30, 1980, appellant, Lyndale Walker, pleaded guilty to the offense of arson and was sentenced to five years in prison. On August 31, 1981, he filed a handwritten petition for post-conviction relief pursuant to A.R.Cr.P., Rule 37. He asked for a hearing on his petition and that his sentence be set aside. Two of appellant's allegations are that he was "in a demented mental capacity" and that his plea of guilty was involuntary. The trial court denied appellant's petition without a hearing.

Eleven years ago the same appellant used the same phrase, "demented capacity," and we held this phrase to be sufficient to allege mental incompetency to the extent that he was unable to participate in his defense. *Walker* v. *State,* 251 Ark. 182, 471 S.W.2d 536 (1971). The same phrase was also sufficient to state a cause of action for post-conviction relief in *Parker* v. *State,* 253 Ark. 8, 484 S.W.2d 91 (1972).

The holding in *Walker* v. *State, supra,* has been eroded by the passage of time and other decisions by this court and we have come to routinely deny post-conviction relief which is asked for in allegations that can only be characterized as conclusory. *Bosnick* v. *State,* 275 Ark. 52, 627 S.W.2d 23 (1982); *Smith* v. *State,* 264 Ark. 329, 571 S.W.2d 591 (1978); *Stone* v. *State,* 254 Ark. 566, 494 S.W.2d 715 (1973). We specifically overrule our holdings in *Walker* v. *State, supra* and *Parker* v. *State, supra.* But the trial court ignored our first decision in *Walker* v. *State, supra,* and denied the petition on other grounds. It would be unfair to the petitioner, who used the same words before and was granted post-conviction relief, to deny him outright an opportunity for a hearing. However, he will have to allege grounds now deemed sufficient to justify a post-conviction hearing. Therefore, he will be given an opportunity to file with the trial court, within thirty days, a proper petition for post-conviction relief that complies with our recent decisions.

In regard to pleas of guilty and petitions for post-

conviction relief, the trial court's attention is directed to *Byler* v. *State,* 257 Ark. 15, 513 S.W.2d 801 (1974), and *Simmons* v. *State,* 265 Ark. 48, 578 S.W.2d 12 (1979).

Reversed and remanded.

DUDLEY, J., concurs.

ADKISSON, C.J., and HAYS, J., dissent.

ROBERT H. DUDLEY, Justice, concurring. I concur with the majority in holding that the trial judge was clearly erroneous in denying a hearing on appellant's petition for post-conviction relief.

A.R.Cr.P. Rule 37.3 (a) provides:

> If the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the trial court shall make written findings to that effect, specifying any parts of the files or records that are relied upon to sustain the court's findings.

It is only when the record before the trial court shows *conclusively* that a motion for post-conviction relief is without merit that an evidentiary hearing is not required. *Simmons* v. *State,* 265 Ark. 48, 578 S.W.2d 12 (1979). The record in this case does not conclusively show that appellant's allegations are without merit. Therefore the case must be reversed, and to that extent I concur with the majority.

I would remand the case for a hearing on the petition. However, the majority chooses a different course, one not in conformity with our procedural standards. The majority, after reversing, states, "However, he [appellant] will have to allege grounds now deemed sufficient to justify a post-conviction hearing. Therefore, he will be given an opportunity to file with the trial court, within thirty days, a proper petition for post-conviction relief that complies with our recent decisions." Thus, the successful appellant has won only a conditional reversal.

This procedural irregularity is caused by the majority *retroactively* overruling the cases of *Walker* v. *State,* 251 Ark. 182, 471 S.W.2d 536 (1971) and *Parker* v. *State,* 253 Ark. 8, 484 S.W.2d 91 (1972). Contemporaneously, the majority also have *retroactively* decided that a cause of action was not stated.

The State did not object to appellant's petition at any level. The trial court ruled on the merits, finding not that appellant's allegations were conclusory but that the record conclusively showed he was entitled to no relief on them. We have now reversed on the merits. Thus, the law of the case is that a cause of action was stated and an overruling of our cases should be prospective only. See *Rhodes* v. *State,* 276 Ark. 203, 634 S.W.2d 107 (1982). I would reverse and remand in accordance with our procedural standards.

RICHARD B. ADKISSON, Chief Justice, dissenting. Prior to the date of this opinion the overwhelming majority of our cases have held that conclusory allegations are *not sufficient* to warrant an evidentiary hearing. *Bosnick* v. *State,* 275 Ark. 52, 627 S.W.2d 23 (1982); *Smith* v. *State,* 264 Ark. 329, 571 S.W.2d 591 (1978); *Stone* v. *State,* 254 Ark. 566, 494 S.W.2d 715 (1973); *Cooper* v. *State,* 249 Ark. 812, 461 S.W.2d 933 (1971). The majority ignores these cases, however, and sends this case back for an evidentiary hearing on the conclusory allegation of demented mental capacity, relying on the long abandoned cases of *Parker* v. *State,* 253 Ark. 8, 484 S.W.2d 91 (1972) and *Walker* v. *State,* 251 Ark. 182, 471 S.W.2d 536 (1971).

The majority base their holding on being fair to the appellant, who is the same Walker who was the beneficiary of our maverick decision in *Walker* v. *State, supra.* It seems to me that the majority should show some concern for the trial judge in this case, who has intelligently discerned the ruling case law from our conflicting decisions. The majority have presented the trial judge with a reversal for faithfully following what the majority admit was the law at the time and will continue to be the law in the future.

This case should be affirmed without prejudice to the

appellant's right to refile a proper petition. This is the procedure followed by this court in dismissing conclusory petitions. *See* A.R.Cr.P. Rule 37.2 (b), Ark. Stat. Ann., Vol. 4A (Repl. 1977).

I am hereby authorized to state that HAYS, J., joins in this dissent.