Howard Pete COCKRUM *v.* STATE of Arkansas

CR 89-67                                772 S.W.2d 341

Supreme Court of Arkansas
Opinion delivered July 3, 1989

*Sullivan, Emmons & Kissee*, by: *Larry Dean Kissee*, for appellant.

*Steve Clark*, Att'y Gen., by: *C. Kent Jolliff*, Asst. Att'y

Gen., for appellee.

DARRELL HICKMAN, Justice. This is an appeal from an order denying the appellant's request to withdraw his guilty plea. We affirm.

Cockrum was charged with aggravated robbery. He had an agreement with the state to plead guilty to reduced charges of robbery and first degree battery. The state recommended a sentence of 20 years, suspended, with three years probation, and fines and restitution of $4,000. In addition, Cockrum would be required to stay away from his victim, Larry James Howard.

A plea hearing was held and Cockrum entered his plea of guilty to both offenses. In response to questioning, Cockrum informed the judge that he had one previous felony conviction. No sentence was imposed at that time, and the court ordered a presentence investigation.

Shortly after the hearing, Cockrum filed a motion to withdraw his plea. In his motion, he informed the court that he had failed to mention an army disciplinary action against him in Japan. He feared that, because of this new development, the court would not follow the state's sentencing recommendation.

A hearing was held on the motion and it was revealed that Cockrum had actually served a prison sentence for violations of Japanese law. Cockrum also claimed that, at the plea hearing, the judge indicated he would concur in the state's recommendation.

The court refused to accept the state's recommendation and sentenced Cockrum to 12 years, with 4 years suspended, for battery, and 12 years suspended for robbery. The court mentioned the sentence was being imposed because Cockrum had failed to disclose all his previous convictions, and because one of the prior offenses involved circumstances similar to this one.

There is no doubt that the judge told Cockrum the court was not bound by the recommendation. The court said:

Q. Now, Mr. Cockrum, you understand that the court is not bound by that recommendation, don't you?

A. Yes sir, I know that.

A.R.Cr.P. Rule 26.1(a) provides that the court shall allow

the withdrawal of a guilty plea if necessary to correct a manifest injustice. The rule sets out one instance that will be considered a manifest injustice at Rule 26.1(c)(v):

> Withdrawal of a plea of guilty or nolo contendere shall be deemed to be necessary to correct a manifest injustice if the defendant proves to the satisfaction of the court that: . . . he did not receive the charge or sentence concessions contemplated by a plea agreement in which the trial judge had indicated his concurrence. . . .

If the judge indicated he concurred in the state's recommendation, the appellant should have been allowed to withdraw his plea. The appellant claims that the trial judge's command to the prosecutor to prepare a list of conditions of suspension and to appellant's attorney to review the conditions with the appellant indicated the recommendations would be accepted.

The judge could not have been more clear that he was not bound by the state's recommendation. Besides his express statement to the contrary, he declared that the purpose of the preparation of the list was so that Mr. Cockrum would be aware of the conditions *if* probation was imposed. The judge was merely being efficient.

The appellant cites *Zoller* v. *State*, 282 Ark. 380, 669 S.W.2d 434 (1984), to support his argument. There, the judge stated he was "satisfied" with the plea agreement and even stated he realized he gave the impression he would accept the recommendation. Here, the judge was unequivocal in his declaration that he was not bound by the agreement, and he never said anything to even remotely indicate he would accept it.

Finally, the appellant argues he should have been allowed to withdraw his plea because it had been made under the influence of a threat. See A.R.Cr.P. Rule 26.1(e). He had already stated at the plea hearing that his plea was voluntary and admitted to the factual basis supporting the plea. In *Stone* v. *State*, 254 Ark. 566, 494 S.W.2d 715 (1973), we declared that, where a factual basis exists for the plea and the defendant initially admitted his plea was voluntary, he faces an "uphill climb" to overcome the consequences of his plea.

We find no abuse of discretion here considering the appel-

lant's proclaimed voluntariness of his plea and admission to the facts constituting his crime.

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. The appellant entered his guilty plea based upon his understanding of an agreement between his lawyer and the prosecuting attorney. The court refused to accept the recommendation and the appellant then attempted to withdraw his plea. A.R.Cr.P. Rule 26.1(a) provides that the court shall allow the withdrawal of a guilty plea in order to correct a manifest injustice. Rule 26.1(c) states:

> Withdrawal of a plea of guilty or nolo contendere shall be deemed to be necessary to correct a manifest injustice if the defendant proves to the satisfaction of the court that: . . . (v) he did not receive the charge or sentence concessions contemplated by a plea agreement in which the trial judge had indicated his concurrence. . . .

No proof was needed to show that the defendant did not receive the sentence contemplated by himself and the prosecutor. The question is whether the trial judge had indicated his concurrence in the recommendation. It is not disputed that the judge explained to the appellant before the entry of his plea that the court was not bound to accept it.

The case of *Zoller* v. *State*, 282 Ark. 380, 669 S.W.2d 434 (1984), supports the appellant's contention that he should have been permitted to withdraw his guilty plea. The trial judge in *Zoller* had stated that he realized that he had indicated or given the impression that he would accept the recommendation on the plea bargain.

Certainly the indications are that the judge in the present case intended to accept the recommendation, if the background check and presentence report proved the appellant deserved to be sentenced in accordance with the agreement. The majority opinion confuses the judge's unequivocal declaration that he was not bound by the agreement with the judge's indication that he intended to go along with the agreement. The statement by the majority that the trial judge had explained to the appellant that

the judge would not be bound by the plea agreement is nothing more than a straw man.