Melissa HALL *v.* STATE of Arkansas

CACR 94-1156                                    906 S.W.2d 692

Court of Appeals of Arkansas
Division II
Opinion delivered October 4, 1995

*Randy Rainwater*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

JUDITH ROGERS, Judge. The appellant, Melissa Hall, asks this court to reverse the trial court's denial of her motion to withdraw her previously entered pleas of guilt. We decline that invitation, and affirm.

On March 25, 1994, appellant was charged by information with one count of breaking or entering, two counts of felony theft of property, possession of drug paraphernalia and possession of a controlled substance, marijuana. For each offense, it was alleged that she acted alone or as an accomplice to her husband, John D. Hall. On April 6, 1994, appellant appeared before the court with counsel and entered pleas of guilt to all counts in exchange for the State's agreement not to pursue eight other charges pending against appellant. At the hearing, the trial court accepted the pleas of guilt after determining that there was a factual basis to support them and that appellant had knowingly, voluntarily and intelligently entered them. The trial court also accepted the recommended sentence of concurrent terms totalling ten years in prison.

On April 13, 1994, appellant again appeared with counsel and asked the court to allow the withdrawal of her guilty pleas on the ground that the pleas were not entered voluntarily. Appellant told the court that she had been confused, and had pled guilty only because her husband had made her do so. She explained that her husband had an "anger problem," that he was the one who committed the criminal acts and that her participation in the criminal activity was the result of his intimidation. James Roy Carmack, Sheriff of Montgomery County, testified that appellant and her husband had been jailed in separate facilities and that the only contact they had had during their incarceration consisted of two phone calls and several letters. Sheriff Carmack said that he had read one of the letters written by Mr. Hall, and he related that Hall had advised appellant in this letter not to plead guilty as he thought that she could get a better deal later on. Carmack further testified that the two had sat together for a short time in the courtroom on the day their pleas were entered. After hearing this testimony, the court first took the issue under advisement, but later entered an order denying appellant's motion to withdraw.

Rule 26.1 of the Arkansas Rules of Criminal Procedure addresses plea withdrawal, and states in pertinent part that the trial

court shall allow a defendant to withdraw her plea of guilt upon proof to the satisfaction of the court that withdrawal is necessary to correct a manifest injustice. The rule further provides that withdrawal shall be deemed necessary to correct a manifest injustice if the defendant proves to the satisfaction of the court that the plea was, among other things, involuntary. Also according to the rule, the court in its discretion may allow the defendant to withdraw her plea if it is fair and just to do so, giving due consideration to the reasons advanced by the defendant in support of her motion and any prejudice the granting of the motion would cause the prosecution by reason of actions taken in reliance upon the defendant's plea.

Where a factual basis exists for the plea and the defendant initially admits that the plea is voluntary, the defendant faces an "uphill climb" to overcome the consequences of the plea. *Stone* v. *State*, 254 Ark. 566, 494 S.W.2d 715 (1973). As was said in *Stone* v. *State, supra*, "[p]leas of guilty — especially negotiated ones — are designed to avoid the necessity of trial, with advantages both to the State and to the defendant. It is essential that such pleas have some measure of stability." In sum, a plea of guilty is not to be lightly disclaimed days later, as appellant has attempted to do. Furthermore, the trial judge was not required to accept appellant's repudiation of her earlier statements regarding the voluntariness of her pleas. *See Pettigrew* v. *State*, 262 Ark. 359, 556 S.W.2d 880 (1977). From our review, we find no abuse of discretion in the trial judge's decision that the withdrawal of appellant's pleas was not necessary to correct a manifest injustice.

Affirmed.

COOPER and MAYFIELD, JJ., agree.