Randy Wayne MANGRUM *v.* STATE of Arkansas

CA CR 99-1076 14 S.W.3d 889

Court of Appeals of Arkansas
Division I
Opinion delivered April 19, 2000
[Petition for rehearing denied June 21, 2000.]

*Joe Holifield*, for appellant.

*Mark Pryor*, Att'y Gen., by: *James R. Gowen, Jr.*, Ass't Att'y Gen., for appellee.

SAM BIRD, Judge. On March 9; 1999, following the trial court's denial of a motion to suppress evidence, Randy Wayne Mangrum entered an unconditional plea of guilty to manufacturing a controlled substance, methamphetamine, and was sentenced to 144 months in the Arkansas Department of Correction. After entry of the plea but before sentencing, Mangrum obtained a

new attorney and filed a motion to withdraw the guilty plea. Following a hearing on April 20, 1999, the trial court refused to set aside the guilty plea. However, the judge did agree to treat Mangrum's unconditional guilty plea as a conditional plea of guilty, thereby permitting Mangrum to appeal the denial of his motion to suppress, pursuant to Ark. R. Crim. P. 24.3(b).

Mangrum argues two points on appeal: (1) that the trial court erred in failing to suppress the evidence obtained in a nighttime search, and (2) that the trial court erred in denying his motion to withdraw his guilty plea. We affirm.

■ Arkansas Rule of Criminal Procedure 24.3(b) provides:

> With the approval of the court and the consent of the prosecuting attorney, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review of an adverse determination of a pretrial motion to suppress evidence. If the defendant prevails on appeal, he shall be allowed to withdraw his plea.

Rule 24.3(b) provides the only procedure for an appeal from a guilty plea. *Eckl v. State*, 312 Ark. 544, 851 S.W.2d 428 (1993). But if the express terms of Rule 24.3(b) are not complied with, the appellate court acquires no jurisdiction to hear an appeal from a conditional plea of guilty. *Bilderback v. State*, 319 Ark. 643, 893 S.W.2d 780 (1995); *Scalco v. City of Russellville*, 318 Ark. 65, 883 S.W.2d 813 (1994). Accordingly, the Arkansas Supreme Court has required strict compliance with Rule 24.3(b) to convey appellate jurisdiction. *Burress v. State*, 321 Ark. 329, 902 S.W.2d 255 (1995).

In *Tabor v. State*, 326 Ark. 51, 930 S.W.2d 319 (1996), the defendant appealed from a plea of guilty to three charges, arguing that the trial court erred in denying his motion to suppress statements he had given to police. The State moved to dismiss for failure to comply with Rule 24.3(b), and the court of appeals granted that motion. Thereafter, Tabor moved to reinstate the appeal, and it was stipulated that Tabor had, in fact, entered a conditional plea, and the court reporter had recorded it. The court of appeals remanded the case to the trial court to settle the record. The Arkansas Supreme Court granted the State's petition for review. In its decision reversing the court of appeals, the supreme court stated:

In the case now before us, there was no contemporaneous writing by Tabor reserving his right to appeal. Hence, Rule 24.3(b) was not strictly followed, and the Court of Appeals obtained no jurisdiction of the matter. Without jurisdiction, the Court of Appeals had no authority to remand the case to the trial court to settle the record. Moreover, the subsequent order by the trial court with the attached signed plea statement by Tabor entered after remand cannot breathe life into a moribund appeal where no jurisdiction originally vested.

326 Ark. at 55, 930 S.W.2d at 322.

 We must affirm as to Mangrum's first argument because there has been no compliance with Rule 24.3(b). Mangrum entered an unconditional guilty plea on March 9, 1999, that the trial court refused to set aside. After hearing the testimony presented at the hearing on Mangrum's motion to set aside his plea, the court made the following ruling:

Motion to withdraw plea is denied. The Court's of the opinion and belief from the record and the testimony that Mr. Mangrum fully understood the — the — act of entering a plea of guilty. That he fully comprehended what he was doing and that from his testimony here today that — that he — he obtained other counsel during that thirty day interval because he thought he could reverse what he had done. And I'm not gonna allow it. It's clear that in his questions to the Court and — his responses to the Court, rather — he knew and understood what he was doing at the time and believed it to be in his best interest and that it was voluntarily made.

I don't care, Mr. Holifield. In fact, I've had lawyers reserve a right after an adverse ruling on a suppression motion to appeal on that issue. That's — that's perfectly permissible whether you realize it or not. And in view of the assertion you make that there's new law, I will go back and allow you permission to appeal, if you choose to do so, the adverse ruling that this Court made [at] the suppression hearing. So I'm gonna permit that. But I'm not going to allow what I find to be and believe to be a perfectly knowing and voluntary entry of a guilty plea. There's no doubt in this Court's mind that this is just an effort to play for more time. That it — it's a — a — lawyer swapping tricks and I'm not gonna bite.

After refusing to set aside Mangrum's March 9 unconditional plea of guilty, the trial court had no authority to approve a condi-

tional plea arrangement under Rule 24.3(b). There is no language in Rule 24.3(b) that could be construed to mean that a trial court can accept an unconditional plea of guilty that it refuses to set aside, and then approve an appeal from that plea as if it was conditional.

■ Furthermore, the attempt to preserve an appeal under Rule 24.3(b) was also ineffective because, although the trial court's order provides that "the guilty plea entered herein, shall be deemed conditional pursuant to Arkansas Rules of Criminal Procedure 24.3," the record contains no writing by which Mangrum reserved the right to appeal under that rule.

That brings us to Mangrum's second argument, that the trial court abused its discretion in refusing to allow him to withdraw his guilty plea. Arkansas Rule of Criminal Procedure 26.1(a) provides:

> A defendant may withdraw his or her plea of guilty or nolo contendere as a matter of right before it has been accepted by the court. A defendant may not withdraw his or her plea of guilty or nolo contendere as a matter of right after it has been accepted by the court; however, before entry of judgment, the court in its discretion may allow the defendant to withdraw his or her plea to correct a manifest injustice if it is fair and just to do so, giving due consideration to the reasons advanced by the defendant in support of his or her motion and any prejudice the granting of the motion would cause the prosecution by reason of actions taken in reliance upon the defendant's plea. A plea of guilty or nolo contendere may not be withdrawn under this rule after entry of judgment.

Subsection (b)(i) states that, if the defendant proves to the satisfaction of the court that he was denied effective assistance of counsel, withdrawal of a plea of guilty shall be deemed to be necessary to correct a manifest injustice. In his motion to withdraw his plea Mangrum alleged that:

> At the time of the entry of the unconditional plea of guilty, the Defendant and Defendant's attorney were in substantial conflict as to the procedures to be followed in this case. Such conflict led to a breakdown in the attorney/client relationship between the Defendant and Defendant's attorney to the point that the Attorney and Defendant both requested that the Attorney be relieved as attorney of record in this matter.

...

> The Defendant believes that because of the conflict between the Defendant and Defendant's then attorney, ... a manifest injustice would result in Defendant's not being allowed to withdraw his guilty plea.

Both Mangrum and his previous attorney testified at the withdrawal hearing that there was a conflict between them: Mangrum wanted a jury trial, but defense counsel thought he should plead guilty. Mangrum admitted that he had told the court when he entered the plea that he had no complaints about his attorney. However, at the hearing, he testified that he did not really understand what was going on, it was all happening too fast for him, he felt he was being railroaded, and he did not remember being told that by entering the guilty plea he waived any right to challenge the validity of the search warrant on appeal.

At the withdrawal hearing, counsel acknowledged the conflict between them and admitted that he was not prepared to try the case on March 9, 1999, the date set for trial. However, he testified that he discussed Mangrum's options, and their consequences, with him many times. He thought Mangrum understood the words, but that Mangrum was under a lot of stress because, in addition to the criminal charges, he had also recently lost a brother, and counsel thought Mangrum was incapable of really appreciating the seriousness of the charges and the consequences of his options. However, counsel admitted that he did not voice his concerns to either the prosecution or the court.

On appeal, Mangrum contends that there has been a manifest injustice, that he had ineffective assistance of counsel in entering his plea, and that he entered his plea without knowledge of the charges and sentence ranges.

■ Where a factual basis exists for the plea and the defendant initially admits that the plea is voluntary, the defendant faces an "uphill climb" to overcome the consequences of the plea. *Stone v. State*, 254 Ark. 566, 494 S.W.2d 715 (1973); *Hall v. State*, 51 Ark. App. 1, 906 S.W.2d 692 (1995). Pleas of guilty are designed to avoid the necessity of trial, with advantages both to the State and to the defendant. A plea of guilty is not to be lightly disclaimed days later, and the trial judge was not required to accept appellant's repudiation of his earlier statements regarding the voluntariness of

his pleas. *Hall*, and *Stone, supra. See also Pettigrew v. State*, 262 Ark. 359, 556 S.W.2d 880 (1977).

When Mangrum and his counsel returned from a brief recess, during the trial on March 9, the following exchange occurred:

THE COURT: All right, Mr. Mangrum, your attorney informs me that you wish to change your plea at this time. Is that correct, sir.

THE DEFENDANT: Yes, sir.

THE COURT: Now, do you understand what you're charged with? You're charged with manufacturing a controlled — Schedule Two controlled substance. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: How do you plead to that charge?

THE DEFENDANT: Guilty.

THE COURT: Are you pleading guilty because in truth and fact you are guilty?

THE DEFENDANT: Yes, sir.

THE COURT: Has anyone made any threat or promise to you to cause you to plead guilty to this charge?

THE DEFENDANT: No, sir.

THE COURT: And are you pleading guilty to the Court without recommendation of the state?

THE DEFENDANT: Yes, sir.

THE COURT: Unconditionally?

THE DEFENDANT: Yes, sir.

THE COURT: Have you discussed your case, your defenses and your constitutional rights with ... your attorney?

THE DEFENDANT: Yes, sir.

THE COURT: Are you satisfied with his service and advice?

THE DEFENDANT: Yes, sir.

THE COURT: Do you have any complaint or criticism or anything at all that you want to make known to the Court?

THE DEFENDANT: No, sir.

THE COURT: And are you pleading guilty totally and completely of your own free will?

THE DEFENDANT: Yes, sir.

THE COURT: All right, the Court finds that you know and understand what you're doing, [and] that your plea is voluntarily and knowingly made and will be accepted.

■ From our review, we find no abuse of discretion in the trial judge's decision that the withdrawal of Mangrum's plea was not necessary to correct a manifest injustice.

Affirmed.

ROBBINS, C.J., and CRABTREE, J., agree.