HENRY LEE COOPER *v.* STATE OF ARKANSAS

5549                461 S. W. 2d 933

Opinion delivered January 18, 1971

*McKay, Chandler & Choate,* for appellant.

*Joe Purcell,* Attorney General, *Don R. Rebsamen,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. This is a petition for postconviction relief under our Criminal Procedure Rule 1. Ark. Stat. Ann., Vol. 3A, 1969 Supp., p. 91. The trial court, without conducting an evidentiary hearing, found, in the language of the Rule, that the original record "conclusively" showed that the petitioner was entitled to no relief, for the reason that the asserted violation of the petitioner's constitutional rights had been waived. For reversal the petitioner insists that the trial court should have granted a hearing upon the petition.

This petitioner and Willie Lee Paschal were jointly convicted of burglary and grand larceny. Paschal alone appealed and obtained a reversal, on the ground that the testimony of a third defendant, an accomplice, had not been sufficiently corroborated. *Paschal* v. *State,* 245 Ark. 396, 432 S. W. 2d 879 (1968).

After that decision Cooper filed a petition under Rule 1, asserting that in his case the corroborating evidence had likewise been insufficient. The trial court rejected that contention, pointing out that at the original trial the State had introduced a pair of pliers that had been found in Cooper's car after the police impounded the vehicle. In the jaws of the pliers were particles of an insulating material identified by laboratory analysis as being the same as the insulation in the safe that had been carried away and broken into by the burglars. We agree with the trial court's conclusion that the evidence about the pliers sufficiently connected Cooper with the offense.

Cooper then filed the present petition under Rule 1. The petition is not verified, as the Rule requires. The petition, after referring to the trial court's rejection of the earlier petition, then goes on to state: "That said search and seizure by Officer Smalley were made in violation of Petitioner's constitutional rights as secured by the Federal and State Constitutions; that a hearing should be held to determine the constitutionality of the aforementioned search and seizure, and that this Court's findings of fact and conclusions of law aforementioned should be set aside until said hearing is held."

We affirm the trial court's' decision, but we do not rest our affirmance upon a finding of waiver. Where a Rule 1 petition involves matters that arose in the course of the original trial and were within the knowledge of the defendant, his failure to interpose an objection, as required by applicable procedural rules, may preclude him from raising the issues in a postconviction proceeding. *Ballew* v. *State,* 249 Ark. 480, 459 S. W. 2d 577 (1970). On the other hand', a waiver of a basic constitutional right must ordinarily be conscious and deliberate, under the rules announced in recent Supreme Court decisions. *Kaufman* v. *United States,* 394 U. S. 217 (1969); *Henry* v. *Mississippi,* 379 U. S. 443 (1965); *Fay* v. *Noia,* 372 U. S. 391 (1963).

Here we do not reach the question of waiver, because Cooper's unverified petition is insufficient on its

face. His pleading, prepared by counsel, states no facts whatever to support the asserted conclusion that the search and seizure were in violation of Cooper's constitutional rights. To the contrary, the petition asks that a hearing be held "to determine the constitutionality of the aforementioned search and seizure." Thus the petitioner, without stating a single fact tending to show the inadmissibility of the pliers, merely calls upon the State to conduct a hearing to explore the possibility that the search and seizure *may* have been unlawful. If those allegations were held to state a cause of action, the circuit courts would quickly be so overwhelmed with similar petitions as to leave little or no time for the dispatch of their regular business.

In *Evans* v. *State,* 242 Ark. 92, 411 S. W. 2d 860 (1967), we discussed the necessity for properly verified statements of fact in Rule 1 petitions. Among other things it was said:

> It was not the purpose of Criminal Procedure Rule No. 1 to give a person convicted of a crime a holiday from the penitentiary for the purpose of a hearing, but to conscientiously protect his constitutional rights. If trial courts will therefore insist upon proper verification of pleadings and pre-trial statements, any abuse of the privilege of post-conviction proceedings can be remedied through prosecution for perjury.

Where, as here, the petition wholly fails to state facts constituting a cause of action, we find no abuse of discretion in the trial court's refusal to conduct an evidentiary hearing merely to set at rest the possibility that a denial of constitutional rights may have existed.

Affirmed.