John Edward SWINDLER *v.* STATE of Arkansas

CR 70-116                                    617 S.W. 2d 1

Supreme Court of Arkansas
Opinion delivered April 20, 1981
[Rehearing denied May 26, 1981.]

341

*Lessenberry & Carpenter*, by: *Thomas M. Carpenter*, and *Charles L. Carpenter, Jr.*, for petitioner.

*Steve Clark*, Atty. Gen., by: *Victra L. Fewell*, Asst. Atty. Gen., for appellee.

Per Curiam. Petitioner, John Edward Swindler, brings this petition seeking post-conviction relief under Rule 37, A. R. Crim. P. (Repl. 1977) from his conviction for capital murder, Ark. Stat. Ann. § 41-1501 (Repl. 1977). He was sentenced to death by electrocution in that conviction, the date for execution being originally set for March 21, 1981. On March 13, 1981, petitioner sought a stay of execution, and on March 16, 1981, filed this petition for post-conviction relief under Rule 37. On March 18, 1981, we granted the stay of execution in order that we might properly consider the present petition to proceed under Rule 37. The petition has been considered and is now denied, and we dissolve the stay of execution granted in the order of March 18, 1981.

We see no need to repeat the facts of this case, as they are fully stated in two previous decisions of this court. We will briefly summarize the proceedings up to the filing of this petition. John Edward Swindler was originally tried and convicted of capital murder in the 1977 death of Officer Randy Basnett of the Fort Smith Police Department. That conviction was appealed, however, and this court was com-

pelled to reverse the conviction on the grounds that the trial court erred in failing to grant a motion for change of venue, and in empaneling three of the jurors in that case. *Swindler v. State*, 264 Ark. 107, 569 S.W. 2d 120 (1978). Following that remand, the petitioner was again tried, in a different court, and again convicted and sentenced to death. On direct appeal from this second conviction, we affirmed the trial court in an opinion more thoroughly discussed hereafter. *Swindler* v. *State*, 267 Ark. 418, 592 S.W. 2d 91 (1979), *cert. den.*, 449 U.S. 1057, 101 S. Ct. 630, 66 L. Ed. 2d 511 (1980).

Rule 37.1 provides:

A prisoner, in custody under sentence of a circuit court and whose case was not appealed to the Supreme Court, claiming a right to be released, or to have a new trial, or to have the original sentence modified on the ground:

(a) that the sentence was imposed in violation of the Constitution and laws of the United States or this state; or

(b) that the Court imposing the sentence was without jurisdiction to do so; or

(c) that the sentence was in excess of the maximum authorized by law; or

(d) that the sentence is otherwise subject to collateral attack; may file a verified motion at any time in the court which imposed the sentence, praying that the sentence be vacated or corrected.

Rule 37.2 makes clear that if the petitioner has previously brought a direct appeal of his conviction to the Supreme Court then no proceeding may be brought in the trial court without prior consent of this court, as the present petition seeks. In applying Rule 37, we have made clear as in *Hulsey* v. *State*, 268 Ark. 312, 595 S.W. 2d 934 (1980):

This postconviction remedy was not intended to pro-

vide a method for the review of mere error in the conduct of the trial or to serve as a substitute for appeal. *Hulsey*, at 313.

Even questions of constitutional dimension are not preserved beyond the direct appeal of the conviction unless they are shown to be of such a fundamental nature that the judgment is rendered void.

> All these questions, and doubtless scores of others, might have been raised at the trial and thereafter on the first appeal, but they were not. Although they are argued as constitutional questions, they do not raise issues so fundamental as to render the sentence and the judgment void and open to collateral attack. Such constitutional questions are waived if not raised in accordance with the controlling rules of procedure. [Citations omitted.] In this court, contentions not argued by the appellant — in this instance on the first appeal — are waived.
>
> *Hulsey*, at 315.

See also, *Collins* v. *State*, 271 Ark. 825, 611 S.W. 2d 182 (1981) and *Rogers* v. *State*, 265 Ark. 945, 582 S.W. 2d 7 (1979).

In the petition for post-conviction relief under Rule 37, the petitioner argues: 1) that he was denied a fair trial by a fair and impartial jury; specifically a) the court erred in seating certain persons who allegedly had formed opinions in the case; b) the trial judge failed to admonish the jury concerning publicity surrounding the trial; and c) that there should have been a change of venue; and 2) that he did not receive effective counsel; specifically a) counsel failed to make certain objections at *voir dire* and b) failed to present certain testimony of mitigating circumstances at the sentencing phase of trial.

First, we note that in our decision on the direct appeal, *Swindler* v. *State*, 267 Ark. 418, 592 S.W. 2d 91 (1979), the allegations of the change of venue request, the *voir dire* examination, and the seating of the jury were all reviewed. Therefore, we will not consider the petitioner's argument

for relief based on issues arising out of those proceedings.

> It (Rule 37) is not intended to permit the petitioner to again present questions which were passed upon direct appeal. *Hulsey* v. *State, supra.* Nor does it permit a petitioner to raise questions which might have been raised at the trial or on the record on direct appeal . . . .

*Neal* v. *State*, 270 Ark. 442, 605 S.W. 2d 421 (1980), at 447. What is left, then, of the petitioner's request is the broad allegation of ineffectiveness of counsel at the sentencing phase of the trial. The allegation of ineffectiveness of counsel at the sentencing phase of the trial is based on the alleged failure of trial counsel to call certain witnesses and to develop certain testimony as to mitigating circumstances. However, as we pointed out in *Leasure* v. *State*, 254 Ark. 961, 497 S.W. 2d 1 (1973):

> The calling of witnesses in a criminal trial is a matter which is normally within the realm of judgment of counsel. At 968.

> We remain unconvinced from the bare allegations of the present petition as to what might, or conceivably could have been used in the sentencing phase, that defense counsel was ineffective. Any error of omission by counsel was not of such grave nature "as to render the judgment void and open to collateral attack." *Neal*, at 447.

> We do not find any merit in the petitioner's request to proceed under Rule 37 under the requirements set for such proceedings in our decisions of *Neal, Hulsey, Rogers* and *Collins*, above. Petitioner's petition to proceed under Rule 37 will therefore be denied. Our order of March 18, 1981, granting petitioner a stay of execution is dissolved, petitioner having exhausted all remedies recognized by this state.

> Petition denied.