627 S.W.2d 23 (1982)
Franklin D. BOSNICK, Appellant,
v.
STATE of Arkansas, Appellee.
No. CR 81-94.
Supreme Court of Arkansas.
February 1, 1982.
Lessenberry & Carpenter by Thomas M. Carpenter, Little Rock, for appellant.
Steve Clark, Atty. Gen. by Victra L. Fewell, Asst. Atty. Gen., Little Rock, for appellee.
HOLT, Justice.
Appellant was charged with escape from the Arkansas Department of Correction where he was serving a life sentence for murder. Through plea negotiations, appellant, represented by appointed counsel, pleaded guilty to escape in the second degree, Ark.Stat.Ann. § 41-2811 (Repl.1977), and was sentenced to a term of three years to be served consecutive to the life sentence. Subsequently, he filed a timely pro se "Petition For An Evidentiary *24 Hearing" asking for Rule 37 postconviction relief. The trial court denied his petition without a hearing. Hence, this appeal. Appellant argues two grounds for reversal. We first consider his allegation that:
III. And to give this Petitioner a chance to exercise the right to due process. This Petitioner wishes to challenge the Lincoln County Circuit Court's jurisdiction and power to sentence a personwhen said sentence is invalid.
Through his presently employed counsel, appellant argues that, although his pro se petition is inartfully drafted, a liberal construction of this allegation results in the inference that it encompasses a violation of his right to a speedy trial. We are unable to so construe this broad allegation. It is a typical conclusionary allegation. It is not error to deny a petition that merely states a conclusion. Smith v. State, 264 Ark. 329, 571 S.W.2d 591 (1978). Further, even if we should interpret this expansive allegation to present a speedy trial issue here, we find no violation of this right as guaranteed by Rules of Crim.Proc., Vol. 4A, Rule 28.1 (Repl.1977) (amended effective July 1, 1980 [Supp.1981]).
Terms of court in Lincoln County begin the second Monday in February and September of each calendar year or two terms of court per year. Ark.Stat.Ann. § 22-310 (Repl.1962). Where a defendant is incarcerated, as here, on an unrelated charge, we have held that the state must bring him to trial within three terms of court, the term in which the defendant is charged not being counted. Matthews v. State, 268 Ark. 484, 598 S.W.2d 58 (1980); Divanovich v. State, 273 Ark. 117, 617 S.W.2d 345 (1981). Here, appellant was charged with escape on November 6, 1978, or during the September, 1978, term. He entered a guilty plea and was sentenced on December 3, 1979, during the September, 1979, term, which is during the second term following his arrest. Therefore, it is obvious he was tried within the three term limit.
Appellant's pro se petition also contained this allegation:
IV. And to determine if this Ark. Dept. of Corr. can set this petitioner's life sentence aside, when this petitioner has served ten (10) years on the life sentence.
Appellant argues that Act 93 of 1977, Ark. Stat.Ann. §§ 43-28282830 (Repl.1977), the parole eligibility act, was improperly applied in this case by the Department of Correction, and that the trial court should have held an evidentiary hearing on this issue, or directed the Department to correctly apply the provisions of the act. He insists that the Department is requiring him to first serve the three year sentence for escape. As a result this procedure erases the ten years the appellant has already served of the twelve years necessary to make him eligible for executive clemency. Consequently, after serving the three years, he would have to begin anew to attain eligibility for executive clemency on his life sentence. Even if this is true, it is not an allegation which can properly be considered in a Rule 37 petition. It attacks the execution of the sentence rather than the validity of the sentence imposed by the trial court. In Higgins v. State, 270 Ark. 19, 603 S.W.2d 401 (1980), we said:
Act 93 defines parole eligibility for persons who committed felonies on or after April 1, 1977. Therefore, petitioner is not attacking the validity of the sentence imposed, but rather is attacking the execution of the sentence. A challenge to the manner in which a sentence is being executed is not a proper matter to be considered in a petition for postconviction relief.
See also Houser v. United States, 508 F.2d 509 (8th Cir. 1974); and Lee v. United States, 501 F.2d 494 (8th Cir. 1974). Furthermore, any action the appellant might have as to the correctness of the computation of his sentence and the execution thereof would be against the Department of Correction. Houff v. State, 268 Ark. 19, 593 S.W.2d 39 (1980).
Affirmed.