Darrell Wayne HILL *v.* STATE of Arkansas

CR 81-18                                    644 S.W.2d 282

Supreme Court of Arkansas
Opinion delivered January 17, 1983

196

*Ray Hartenstein,* for petitioner.

*Steve Clark,* Atty. Gen., by: *Leslie M. Powell,* Asst. Atty. Gen., for respondent.

PER CURIAM. The petitioner Darrell Wayne Hill was convicted of the capital murder of Donald Lee Teague and the attempted capital murder of E. L. Ward. He was sentenced respectively to death and life imprisonment for the two crimes. He was also found guilty of kidnapping and aggravated robbery in connection with the offense against Teague and kidnapping and aggravated robbery in connection with the offense against Ward. On appeal we affirmed the convictions for the offenses against Ward and the capital murder of Teague. We set aside the conviction for the lesser included offenses of kidnapping and aggravated robbery committed against Teague. *Hill* v. *State,* 275 Ark. 71, 628 S.W.2d 284 (1982). The United States Supreme Court denied petitioner's petition for writ of certiorari on October 4, 1982. Petitioner has filed a petition and an amended petition for postconviction relief under A.R.Cr.P. Rule 37.

I

Petitioner alleges that the Arkansas death penalty statute impermissibly penalizes petitioner's exercise of his right to plead not guilty and to have a jury trial because only the jury may impose the death penalty, thus creating a situation whereby a defendant can be assured of escaping execution only by waiving his right to trial by jury. When this same argument was advanced in another capital case, we held that Ark. Stat. Ann. §§ 41-1301 — 1304 (Repl. 1977), which set forth the procedures governing jury trials for persons charged with capital murder, do not place an impermissible burden on the exercise of the constitutional right to trial by jury. *Ruiz and Denton* v. *State,* 275 Ark. 410, 630 S.W.2d 44 (1982), *cert. denied,* ___ U.S. ___ (1982). § 41-1302 provides that the jury shall impose a sentence of death if it returns certain written findings, but the trial judge is not required to impose the death penalty in every case in which the jury verdict prescribes it. *Ruiz and Denton, supra,* citing *Collins* v. *State,* 261 Ark. 195, 548 S.W.2d 106 (1977),

*cert. denied,* 434 U.S. 977 (1977). The death penalty under Arkansas statutes has been consistently held constitutional. *Hulsey* v. *State,* 261 Ark. 449, 549 S.W.2d 73 (1977); *Neal* v. *State,* 261 Ark. 336, 548 S.W.2d 135 (1977); *Collins, supra.*

## II

Petitioner asserts that the exclusion for cause of the veniremen with conscientious objections to the death penalty without a determination that their objections would preclude their finding petitioner guilty denied him his right to an impartial jury and to a jury that was representative of the community. The "death qualified" jury was approved by the United States Supreme Court in *Witherspoon* v. *Illinois,* 391 U.S. 510 (1968). Since *Witherspoon,* we have approved the procedure. *Ford* v. *State,* 276 Ark. 98, 633 S.W.2d 3 (1982); *Ruiz and Denton* v. *State,* 265 Ark. 875, 582 S.W.2d 915 (1979); *Collins, supra; Westbrook* v. *State,* 265 Ark. 736, 580 S.W.2d 702 (1979). Petitioner presents no new challenges to it.

## III

On appeal, petitioner's convictions for the kidnapping and aggravated robbery of Teague were set aside because they were lesser included offenses to the crime of capital murder. This was done despite the fact that no objection to the sentences was raised in the trial court because we will consider in a death case such errors argued for the first time on appeal. We declined to disturb the convictions for the lesser included offenses against Ward because petitioner was not sentenced to death for those crimes. He now asks that those sentences be set aside also, citing as precedent our decisions in *Rowe* v. *State,* 275 Ark. 37, 627 S.W.2d 16 (1982) and *Wilson* v. *State,* 277 Ark. 219, 640 S.W.2d 440 (1982).

This Court has held that when a criminal offense by definition includes a lesser offense, a conviction cannot be had for both offenses under Ark. Stat. Ann. § 41-105 (1) (a) (Repl. 1977), *Wilson, supra; Rowe, supra, Singleton* v. *State,* 274 Ark. 126, 623 S.W.2d 180 (1981); *Simpson* v. *State,* 274 Ark. 188, 623 S.W.2d 200 (1981); *Swaite* v. *State,* 272 Ark. 128, 612 S.W.2d 307 (1981). The statute provides:

(1) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one offense, if:

> (a) One offense is included in the other as defined in subsection (2);

(2) A defendant may be convicted of one offense included in another offense with which he is charged. An offense is so included if:

> (a) it is established by proof of the same or less than all the elements required to establish the commission of the offense charged; or

> (b) it consists of an attempt to commit the offense charged or to commit an offense otherwise included within it; or

> (c) it differs from the offense charged only in the respect that a less serious risk of injury to the same person, property, or public interest or a lesser kind of culpable mental state suffices to establish its commission.

In petitioner's case, it was necessary to prove the elements of aggravated robbery and kidnapping to prove the elements of attempted capital murder. In light of our holdings in regard to Ark. Stat. Ann. § 41-105 (1) (a) in *Rowe, Wilson, Singleton, Simpson,* and *Swaite,* we find that the conviction and sentence imposed on petitioner for aggravated robbery and kidnapping should be set aside. The conviction and sentence for attempted capital murder are not disturbed.

## IV

Petitioner states that over his objection the trial court admitted evidence of at least five prior convictions for the purposes of enhancement of his sentence, when the amended information only alleged four prior convictions. He does

not give a transcript reference to where the objection can be found in the record, and the state contends that no such objection was made. This Court will not search the record page-by-page to determine the accuracy or inaccuracy of petitioner's assertion. Counsel for petitioners seeking post-conviction relief are cautioned to provide the Court with transcript references in support of allegations that require specific verification in the record. In any event, the issue was not raised on appeal. In this Court, issues which were not raised in accordance with controlling rules of procedure must be considered waived. *Ruiz and Denton, supra.* See also *Moore* v. *Illinois,* 408 U.S. 786 (1972); *Stembridge* v. *Georgia,* 343 U.S. 541 (1952); *Hulsey, supra; Williams* v. *Edmondson,* 257 Ark. 837, 520 S.W.2d 260 (1975); *Orman* v. *Bishop,* 245 Ark. 887, 435 S.W.2d 440 (1968).

V

In the penalty phase of the trial, the jury was presented with proof of an aggravating circumstance that petitioner had been convicted of first degree robbery and robbery with a firearm in Missouri and Oklahoma. Petitioner now argues that since no details of the crimes were provided, the jury could only speculate that the crimes involved a threat or risk of violence and thus were proof of an aggravating circumstance as required by Ark. Stat. Ann. § 41-1303 (Repl. 1977). The statute provides in part:

> Aggravating circumstances. — Aggravating circumstances shall be limited to the following:
>
> . . .
>
> (3) the person previously committed another felony an element of which was the use or threat of violence to another person or creating a substantial risk of death or serious physical injury to another person; . . .

There is no requirement that the State try the prior felony convictions a second time or that it present evidence that an out-of-state conviction for robbery had as an element the use or threat of violence. Furthermore, inherent in the definition

of "robbery" is a threat of violence. Also, the issue was not raised on appeal and was therefore waived.

## VI

Petitioner alleges that the trial court unconstitutionally commented on the evidence when it instructed the jury that it could consider only the two prior robbery convictions as aggravating circumstances. Petitioner argues that this amounted to instructing the jury to accept the convictions as an aggravating circumstance. We find that the record does not support the allegation. The record shows that the court in accordance with AMCI instructed the jury that it could consider the convictions and that the jury was responsible for determining if the State had met its burden of proving beyond a reasonable doubt that one or more of the aggravating circumstances existed.

## VII

Petitioner states that a motion was filed to sever offenses, but he does not tell us where it appears in the record and the issue was not raised on appeal.

A.R.Cr.P. Rule 22.2 provides:

(a) Whenever two (2) or more offenses have been joined for trial solely on the ground that they are of the same or similar character and they are not a part of a single scheme or plan, the defendant shall have a right to a severance of the offenses.

Petitioner contends that the denial of the motion was denial of his right to due process of law because (1) the State was allowed to obtain convictions for four lesser included offenses in violation of Ark. Stat. Ann. § 41-105 (1) (a) (2) (a) (Repl. 1977); (2) the State was allowed to seek enhancement of punishment on five prior convictions when only the two prior robbery convictions were admissible as an aggravating circumstance; and (3) the State improperly argued petitioner's criminal record as a basis for the death sentence.

As this Court found on direct appeal, the trial court instructed the jury that it was to consider only the two robbery convictions as an aggravating circumstance. The other three convictions were to be considered only for enhancement purposes on the non-capital crimes. *Hill, supra* at 87-88. Petitioner concedes that the trial judge also explained this to the jury. The jury was properly instructed on its consideration of petitioner's prior crimes. The mere fact that the jury entered a finding of guilt on the lesser included offenses and was aware of five prior convictions does not in itself demonstrate prejudice. We also find no grounds for relief in petitioner's allegation that the State improperly raised his criminal record. There was no objection to the State's negating the mitigating circumstance that petitioner had no significant history of prior criminal activity. When an issue is not raised on direct appeal, as the issue of severance was not, the issue cannot be raised under Rule 37 unless the question is so fundamental as to render the judgment void and open to collateral attack. *Neal, supra.* Even questions of constitutional dimension are waived if not raised in accordance with the controlling rules of procedure. *Collins, supra; Hulsey, supra.* We find nothing in this petition that would render the judgment in petitioner's case void.

## VIII

Petitioner next asserts that the Arkansas death penalty statute is unconstitutional because capital felony murder and first degree murder are not distinguishable. This Court has rejected the argument raised by petitioner in several cases. *Ford, supra; Wilson, supra; Cromwell* v. *State,* 269 Ark. 104, 598 S.W.2d 733 (1980).

## IX

Petitioner alleges ineffective assistance of counsel in the penalty phase of trial. He contends that counsel failed to secure available mitigating evidence. He alleges that petitioner's records from the Vinita State Hospital in Oklahoma would have shown that antipsychotic medication had recently been prescribed for him and that the Oklahoma

hospital's diagnosis conflicted with the Arkansas State Hospital's diagnosis. He also contends that Herbert Callison and Edna Staudinger would have testified if called to mitigating factors such as petitioner's work with juvenile delinquents. He further asserts that counsel cut short his examination of witness Nixon without inquiring into petitioner's history of drug abuse and his unhappy childhood. Petitioner contends that petitioner could also have testified to these things but counsel inexplicably failed to call him.

A psychologist, who testified at length for the defense, mentioned that the results of his testing of petitioner were consistent with the conclusions of the Oklahoma hospital. It appears therefore that the Oklahoma records were used by the defense. Moreover, petitioner has not shown that his psychologist was not allowed to testify to any pertinent information.

There is a presumption of effective assistance of counsel. To overcome that presumption, a petitioner must show by clear and convincing evidence that the prejudice which resulted from the representation of trial counsel was such that he did not receive a fair trial. *Blackmon* v. *State*, 274 Ark. 202, 623 S.W.2d 184 (1981). Petitioner has not shown that he was denied a fair trial by counsel's failure to call any particular witness, including him, or his failure to question Nixon further. The calling of witnesses in a criminal trial is a matter which is normally within the realm of judgment of counsel. *Swindler* v. *State*, 272 Ark. 340, 617 S.W.2d 1 (1981), citing *Leasure* v. *State*, 254 Ark. 961, 497 S.W.2d 1 (1973). Likewise, questioning witnesses is ordinarily a matter of trial strategy about which advocates could disagree. Trial tactics, even if they prove unsuccessful, are not grounds for postconviction relief. *Leasure, supra.*

X

The aggravating circumstance that the murder was committed to avoid arrest or to effect escape from custody was submitted to the jury. Petitioner contends that the circumstance is vague and overbroad. We do not accept

petitioner's argument. Under the facts of the case the jury was justified in finding that petitioner shot Teague and Ward to increase his chances of avoiding arrest after he had robbed Ward's service station. This same attack on the aggravating circumstance as being overbroad has also been rejected by the United States District Court. *Pickens* v. *Lockhart*, 542 F. Supp. 585 (E.D. Ark. 1982).

## XI

Petitioner alleges that the jury arbitrarily and capriciously failed to consider mitigating evidence of petitioner's mental disturbance and diminished capacity. Petitioner offers no support for the conclusory allegation, and we will not assume from the fact that petitioner was sentenced to death that the jury failed to consider all the evidence.

## XII

In its closing argument the State sought to negate the mitigating circumstance, Ark. Stat. Ann. § 41-1304 (6) (Repl. 1977), that the defendant had no significant history of prior criminal activity by calling attention to petitioner's extensive criminal record. Petitioner alleges that a criminal record is not a statutory aggravating circumstance and should not have been mentioned. This allegation was also raised in Point VII and found meritless. The jury was properly instructed as to aggravating and mitigating circumstances. No objection was made at trial and petitioner has not shown how he was prejudiced.

## XIII

Petitioner contends that Ark. Stat. Ann. § 41-1302 (Repl. 1977), which sets out the findings required for a death sentence, is unconstitutional. There is no ambiguity in our statute. The statute clearly states that the aggravating circumstances must outweigh all mitigating circumstances beyond a reasonable doubt; and that after such consideration, the jury must find that the aggravating circumstances justify a sentence of death beyond a reasonable doubt. Even then, the trial judge is not required to impose the death

penalty. The statute was not challenged at trial and petitioner cites no persuasive authority for his contention.

## XIV

On appeal from a sentence of death, it is the practice of this Court to compare the sentence with sentences in other cases in which the death penalty was imposed. *Collins, supra.* Petitioner argues that in his case no comparative review was required or afforded by this Court, apparently because the opinion does not specifically state that it was.

While there is no absolute requirement under federal law that this Court make a comparative review of a death sentence, we have consistently afforded such a review since *Collins,* although our opinions do not so state in all cases.

## XV

Finally, petitioner again challenges the constitutionality of the death penalty as it is imposed in Arkansas. The assertion is conclusory and does not warrant further discussion. *Bosnick v. State,* 275 Ark. 52, 627 S.W.2d 23 (1982); *Smith v. State,* 264 Ark. 329, 571 S.W.2d 591 (1978); *Stone v. State,* 254 Ark. 566, 494 S.W.2d 715 (1973); *Cooper v. State,* 249 Ark. 812, 461 S.W.2d 933 (1971).

## XVI

In a thorough review of petitioner's allegations, we find no constitutional error that would render the judgment void or evidence of ineffective assistance of counsel. Petitioner has fallen far short of making a showing that his trial was not fair or that the sentence was not properly imposed.

Petition denied.