Eugene Wallace PERRY *v.* STATE of Arkansas

CR 82-19                                         650 S.W.2d 241

Supreme Court of Arkansas
Opinion delivered May 9, 1983

*James E. Davis,* for petitioner.

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Asst. Atty. Gen., for appellee.

PER CURIAM. Petitioner Eugene Wallace Perry was convicted by a jury of capital felony murder and sentenced to death. We affirmed. *Perry* v. *State,* 277 Ark. 357, 642 S.W.2d 865 (1982). Petitioner now seeks a further stay of mandate and permission to proceed in circuit court for postconviction relief pursuant to A.R.Cr.P. Rule 37.

Petitioner first argues that he is entitled to postconviction relief because the sentence imposed on him was in violation of the Constitution and laws of the United States and this State. He has enumerated twenty-two allegations of constitutional error: (1) the trial court erred in refusing a request for a second change of venue; (2) the trial court erred in denying a request for a handwriting expert at state expense; (3) the trial court erred in refusing to suppress identification testimony by witnesses participating in pretrial photographic and physical line-ups; (4) the trial court erred in denying a motion for directed verdict since the evidence was all circumstantial; (5) the trial court erred in sustaining an objection to a hypothetical question by the defense to witness Linda Godwin; (6) the trial court erred in excluding the testimony of Dr. Stevens regarding identification witness testimony; (7) the trial court erred in not allowing expenses for out-of-state defense witnesses and subpoena power; (8) the prosecuting attorney in three instances made improper comments during closing argument; (9) the trial court erred in admitting State's Exhibit No. 64, a fingerprint card; (10) the trial court erred in failing to grant a mistrial because of a prejudicial television news account shown on July 16, 1981; (11) the trial court erred in overruling a defense objection to the testimony of Chantina Ginn regarding statements by co-defendant Anderson; (12) the trial court erred in refusing a request to sequester the jury; (13) through comparative appellate review this Court should reduce the death sentence; (14) the trial court erred in denying a motion to acquit based on petitioner's indictment by information rather than by grand jury; (15) the trial court erred in admitting State's Exhibit Nos. 1, 2, 3 and 4, photographs of the victims' bodies; (16) the trial court erred

in refusing to grant a mistrial based on the jury's observation of a newspaper headline; (17) the trial court erred in failing to declare Chantina Ginn an accomplice; (18) the evidence was insufficient to convict because Ginn was an accomplice whose testimony was not corroborated; (19) death by electrocution is cruel and unusual punishment; (20) the trial court erred in establishing the juror's qualifications through prejudicial voir dire examination; (21) the trial court erred in permitting the State to empanel a death qualified jury; and (22) Ark. Stat. Ann. §§ 43-1507 and 43-1518 (Repl. 1977) are unconstitutional.

All twenty-two issues were raised on direct appeal and decided adversely to petitioner. Rule 37 was not intended to permit a petitioner to again present questions addressed on appeal. *Neal* v. *State,* 270 Ark. 442, 605 S.W.2d 421 (1980); *Hulsey* v. *State,* 268 Ark. 312, 595 S.W.2d 934, *reh. denied,* 268 Ark. 315, 599 S.W.2d 729 (1980). Furthermore, no factual support is provided for the allegations. Conclusory statements without substantiation do not justify postconviction relief. *Hill* v. *State,* 278 Ark. 194, 644 S.W.2d 282 (1983); *Bosnick* v. *State,* 275 Ark. 52, 627 S.W.2d 23 (1982); *Cooper* v. *State,* 249 Ark. 812, 461 S.W.2d 933 (1971).

Petitioner also makes five conclusory allegations of ineffective assistance of counsel. He initially contends that counsel failed to request a second change of venue; but since an impartial jury was empaneled, petitioner has demonstrated no prejudice. Counsel cannot be found ineffective absent some showing of prejudice. *Hill, supra; Blackmon* v. *State,* 274 Ark. 202, 623 S.W.2d 184 (1981).

Petitioner next alleges that counsel should have requested funds to employ a handwriting expert. Again, petitioner fails to allege any prejudice resulting from counsel's failure to act. As we said on appeal, the State did not use expert testimony to establish the author of any writing. Petitioner has given no reason to support his claim that counsel erred in failing to ask for his own expert.

The trial court sustained the State's objection to a defense question asked of witness Linda Godwin. Petitioner

does not specify where in the record the specific objection can be found as he should have done. See *Hill, supra.* We assume that he is referring to the objection raised on appeal wherein the defense asked a hypothetical question of Godwin which was disapproved as assuming a fact not in evidence. If so, he has not alleged or shown that a proffer was called for under the circumstances. Defense counsel asked the witness:

> If it were developed in the course of this trial that seven (7) people will testify under oath that Gene Perry was in Alabama at the time this occurred, would that change your testimony in any way?

As the trial court said, the question assumed facts not in evidence. The question was not proper and we cannot agree with petitioner that counsel was remiss in not making a proffer of it.

Petitioner alleges that counsel failed to object to an unspecified jury argument by the State which amounted to a comment on petitioner's decision not to testify. We must again assume that petitioner has reference to a point also raised on appeal since he does not quote the State's comment or otherwise identify it. The portion of the State's argument which was questioned on appeal as a comment on petitioner's exercise of his right to remain silent reads as follows:

> Obviously there is a lot of stuff being done here to disguise the names of people. What name is given for Damon when he is down in Florida? Damon Malantino. Why was that name used? Who can tell. It is obviously one thing; it was not the name of Wallace Eugene Perry on any of this stuff. And why not? . . . You do not have eye witnesses. Nobody is going to come in here and say here, I robbed, and I have shot. Whose fault is that? It's the defense's fault. There are no witnesses. You know, criminals are the ones that pick the witnesses for crimes, because criminals are the ones that decide the time and the place of the crime.

Petitioner argued on appeal that this court should reverse because these remarks were an improper comment even

though no objection was made. We declined, stating that the lack of an objection and the total context of the closing argument caused us to conclude that this was not a comment on the right to remain silent. We now hold that even if there had been an objection, the remarks when considered with the argument as a whole did not prejudice petitioner to the degree that he was denied a fair trial. There is a presumption of effective assistance of counsel. *Hill, supra; Thomas* v. *State,* 277 Ark. 74, 639 S.W.2d 353 (1982); *Hoover* v. *State,* 270 Ark. 978, 606 S.W.2d 749 (1980); *Irons* v. *State,* 267 Ark. 469, 591 S.W.2d 650 (1980). To overcome that presumption, a petitioner must show by clear and convincing evidence that he suffered prejudice by the representation of counsel and that the prejudice which resulted was such that he did not receive a fair trial. *Blackmon* v. *State,* 274 Ark. 202, 623 S.W.2d 184 (1981). Petitioner has not shown that he was denied a fair trial by counsel's failure to object.

Finally, petitioner asserts that counsel failed to make a proper objection to the hearsay testimony of Chantina Ginn. He does not cite any specific testimony as being objectionable hearsay. We found no reversible error when a similar issue involving Ginn's testimony was raised on appeal. We have no way of knowing whether it is this same testimony that petitioner has reference to in this petition. If so, he has not provided any support for the allegation on which counsel could be found ineffective.

Petitioner's total failure to substantiate any of the allegations of constitutional error or ineffective assistance of counsel may indicate that he is merely seeking to exhaust state remedies with this petition. See *Reynolds* v. *State,* 248 Ark. 153, 450 S.W.2d 555 (1970). In any event, there is no ground for relief which warrants an evidentiary hearing or other postconviction relief. Accordingly, the petition for relief under Rule 37 and the petition for further stay of mandate are denied.

Petitions denied.