Paula C. RASMUSSEN *v.* STATE of Arkansas

CR 82-78                                              658 S.W.2d 867

Supreme Court of Arkansas
Opinion delivered October 24, 1983

*Lessenberry & Carpenter,* by: *Jack Lessenberry,* for petitioner.

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for respondent.

PER CURIAM. Petitioner Paula C. Rasmussen was convicted of first degree murder and sentenced to a term of life imprisonment in the Arkansas Department of Correction. We affirmed. *Rasmussen* v. *State,* 277 Ark. 238, 641 S.W.2d 699 (1982). Petitioner now seeks permission to proceed in circuit court for postconviction relief pursuant to A.R.Cr.P. Rule 37 on the ground that her counsel R. Wayne Lee was ineffective.

Petitioner alleges that after trial she learned that the deputy prosecuting attorney had spoken with Mr. Lee outside her presence and offered to recommend a sentence of 15 years imprisonment if she would plead guilty. She contends that the offer of a negotiated plea was never communicated to her. Petitioner has attached to her petition an affidavit of the deputy prosecutor in which he states that he made the offer to Lee. He avers that Lee rejected the offer immediately but said he would communicate it to his client. Lee later told the deputy prosecutor that petitioner had refused the offer.

A plea agreement is an agreement between the accused and the prosecutor, not between counsel and the prosecutor. See A.R.Cr.P. Rule 25.2. As such, counsel has the duty to advise his client of an offer of a negotiated plea. Here, however, petitioner does not allege that she would have accepted the plea or that she would now accept it. This is a significant point because, even if we found merit to petitioner's bare allegation that her plea was not communicated,

there would be no grounds on which to set aside the finding of guilt or to order a new trial. The most that would be appropriate would be a simple reduction in sentence to 15 years. Accordingly, the petition is denied without prejudice with regard to the allegation.

In all other respects the petition is denied with prejudice. Petitioner alleges that several persons would have testified to her good character and "other matters" if subpoenaed. She contends further that no witnesses were subpoenaed. The record reflects that several witnesses testified for the defense. The decision to call some persons as witnesses while rejecting others is normally a matter of trial strategy. Questions relating to trial tactics about which experienced advocates could disagree are not grounds for relief under Rule 37. *Hill* v. *State,* 278 Ark. 194, 644 S.W.2d 282 (1983); *Swindler* v. *State,* 272 Ark. 340, 617 S.W.2d 1 (1981); *Leasure* v. *State,* 254 Ark. 961, 497 S.W.2d 1 (1973).

Petitioner also asserts that counsel was ineffective in that he failed to obtain a police recording of petitioner's call to the police department after the victim was shot. She does not explain, however, why the recording was important to her defense or how she was prejudiced. Petitioner also fails to state specifically how she was prejudiced by counsel's failure to object to the prosecutor's asking whether the victim was intoxicated; his failure to obtain and introduce articles of petitioner's clothing; his failure to develop evidence that the gun which killed the victim was loaded with target bullets; his failure to adequately prepare a stipulation concerning some eyeglasses; his failure to adequately develop evidence as to petitioner's impaired vision; and his failure to prepare properly for trial. Before we grant postconviction relief, a petitioner has the burden of showing the relevancy of the allegation to petitioner's trial. It is unlikely that any two attorneys would conduct a defense in the same way. It is a simple matter to allege in hindsight that counsel would have been successful, that is, would have obtained a favorable verdict or a lesser sentence, had he developed certain evidence or objected to a particular question. Unless a petitioner can show, however, by clear and convincing evidence that he or she was prejudiced by

counsel's representation and the prejudice was such that he was denied a fair trial, ineffective assistance of counsel has not been established. *Pitcock* v. *State,* 279 Ark. 649, 631 S.W.2d 393 (1983); *McCroskey* v. *State,* 278 Ark. 156, 644 S.W.2d 271 (1983); *Hill, supra; Blackmon* v. *State,* 274 Ark. 202, 623 S.W.2d 184 (1981).

Petition denied without prejudice in part.

ADKISSON, C.J., and HAYS, J., dissent.

RICHARD B. ADKISSON, Chief Justice, dissenting. There is no reason to grant an evidentiary hearing in this case. Even though an attorney may have an ethical duty to communicate the offer of a negotiated plea to his client, it is not ineffective assistance of counsel under Rule 37 to fail to do so if the petitioner is subsequently afforded a fair trial and found guilty. There is no right to negotiate a plea agreement and the trial court is under no obligation to accept such a plea even if the prosecutor and the accused have agreed to it. To require the trial court to do so in this case is contrary to the Rules of Criminal Procedure. See Rule 25.3.

Rule 37 was intended to assure the accused a fair trial or competent advice if he chooses to plead guilty. Although ineffective assistance of counsel can be predicated on the failure to render competent advice as to a plea of guilty, *Mitchell* v. *State,* 271 Ark. 512, 609 S.W.2d 333 (1980), once a trial has occurred, the standard for reviewing the effectiveness of counsel is whether the petitioner was afforded a fair trial. *Perry* v. *State,* 279 Ark. 213, 650 S.W.2d 241 (1983); *Blackmon* v. *State,* 274 Ark. 202, 623 S.W.2d 184 (1981). The mere fact that a petitioner denies having been apprised of a plea bargain should not be allowed to obscure the ultimate fact that the petitioner was accorded a fair trial, found guilty and sentenced. Since the case was affirmed on appeal and we find no cause to grant postconviction relief on grounds related to the trial, it is incongruous that the jury's valid finding of guilt or the sentence imposed should be placed in question because a pre-trial plea bargain may not have been communicated.

HAYS, J., joins in this dissent.