Paula C. RASMUSSEN *v.* STATE of Arkansas

CR 82-78                                               663 S.W.2d 735

Supreme Court of Arkansas
Opinion delivered February 6, 1984

*Lessenberry & Carpenter*, by *Jack Lessenberry*, for petitioner.

*Steve Clark,* Atty. Gen., by: *Velda West Vanderbilt,* Asst. Atty. Gen., for respondent.

PER CURIAM. Petitioner Paula Rasmussen, after her sentence to life imprisonment had been affirmed, sought permission to apply to the trial court for postconviction relief on the ground that a deputy prosecuting attorney's offer to recommend a 15-year sentence if petitioner would plead guilty had not been communicated to petitioner by her attorney. On October 24, 1983, we denied the petition, without prejudice, because petitioner did not state that she would then have accepted the offer or would now accept it.

Petitioner now files an amended petition, accompanied by her affidavit stating that if she had been informed of the offer she would have accepted it and have pleaded guilty. She asks for an opportunity to present witnesses to show the truth of her statement.

The cause is remanded to the trial court for a hearing to determine the complete circumstances surrounding the offer; whether the offer was made but not communicated to petitioner; whether it should have been communicated; and if so, whether she would have accepted it. Since the judge who presided at the trial is no longer on the bench, the present trial judge, if he finds the facts as the petitioner states them, must determine whether the recommendation for a 15-year sentence should be accepted. If so, he may order the sentence to be reduced accordingly.

ADKISSON, CJ., dissents.

RICHARD B. ADKISSON, Chief Justice, dissenting. In *Hall* v. *State,* 281 Ark. 282, 663 S.W.2d 926 (1984), I dissented when this court set aside a judgment of conviction after a plea of guilty because the defendant's attorney had overlooked this Court's Rule 30 regarding a speedy trial. This procedural rule did not in any way affect the defendant's voluntary plea of guilty. He admitted his guilt and he still has not denied it.

Here we are allowing an accused to vitiate her judgment

of guilt although she admittedly received a fair trial. Earlier I dissented in this case when we dismissed petitioner's original petition to proceed under Rule 37. *Rasmussen* v. *State,* 280 Ark. 472, 475, 658 S.W.2d 867 (1983).

In neither of these cases have the convicted petitioners even suggested that they were not guilty or that they were denied a fair determination of guilt, but in each case they seek to have their convictions set aside because of a procedural technicality.