## Timothy GILBERT *v.* STATE of Arkansas

CR 82-66                                    669 S.W.2d 454

Supreme Court of Arkansas
Opinion delivered May 21, 1984

Petitioner, *Pro Se.*

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Dep. Atty. Gen., for appellee.

PER CURIAM. Petitioner Timothy Gilbert was found guilty by a jury of aggravated robbery and theft of property. He was sentenced as an habitual offender to terms of life and 20 years respectively. We affirmed. *Gilbert* v. *State,* 277 Ark. 61, 639 S.W.2d 346 (1982). Petitioner seeks permission to

proceed in circuit court for post-conviction relief pursuant to A.R.Cr.P. Rule 37.

Petitioner alleges initially that the deputy public defender who represented him at trial gave him ineffective assistance. The public defender was appointed to represent petitioner in July, 1981, which was six months before the trial. When the deputy public defender requested a continuance on the day set for trial, the request was denied. The court did, however, allow counsel time to contact an alibi witness whom petitioner had told him about that morning. The witness appeared and testified in petitioner's behalf. Petitioner now contends that counsel was unprepared for trial because there was not enough time for him and counsel to discuss the case. He also alleges that he did not intend to testify but did so "being compelled to be counsel for himself." This is an apparent reference to his request which was granted to proceed *pro se* with counsel acting as an advisor.

Petitioner provides no factual support for the allegations. He does not say what evidence could have been developed if he and counsel had had more time to consult. He also fails to explain why he felt compelled to testify. Allegations without substantiation do not justify a hearing. *Bosnick* v. *State,* 275 Ark. 52, 627 S.W.2d 23 (1982).

Next, petitioner alleges that while he was waiting in the "lock-up" he saw the trial judge enter the jury room while the jury was deliberating. He gives the name of two other men, James Williams and Steve Brown, who were also in the lock-up and saw the judge. Petitioner states that he did not bring up the matter at trial himself or inform standby counsel because (1) he was acting *pro se*; (2) he did not think it would do any good to challenge the judge in his own court; and (3) he was not sure whether it was improper for a judge to enter the jury room.

An accused is entitled to conduct his own defense provided that he knowingly and intelligently foregoes his right to counsel and is able and willing to abide by rules of procedure and courtroom protocol. *Faretta* v. *California,*

422 U.S. 806 (1975). Allowing standby counsel to assist him does not violate the right to proceed *pro se* so long as the defendant's right to present his own case is not interfered with. *McKaskle* v. *Wiggins*, ___ U.S. ___, 104 S.Ct. 944 (1984). Petitioner here does not contend that he did not have the opportunity to present his own case or that standby counsel was not available to assist him. He argues instead that he had no choice but to rely on himself and he did not know enough to enter a timely objection to the judge's conduct. The right of self-representation, however, carries the responsibility for one's own mistakes. A defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of effective assistance of counsel. *McKaskle* v. *Wiggins; Faretta* v. *California.* As petitioner elected to represent himself, and could have informed standby counsel who was present of what he professed to have seen from the lockup, he has waived the right to raise the question now since it could have been raised at trial and on appeal. Even questions of constitutional dimension may be waived if not raised in accordance with the controlling rules of procedure. *Hill* v. *State,* 278 Ark. 194, 644 S.W.2d 282 (1983).

Petition denied.

HOLLINGSWORTH, J., dissents.