Hoyt Franklin CLINES,
James William HOLMES,
Darryl V. RICHLEY and
Michael Ray ORNDORFF
*v*. STATE of Arkansas

CR 82-54                                    669 S.W.2d 883

Supreme Court of Arkansas
Opinion delivered May 29, 1984

*Marshall N. Carlisle,* for appellant Holmes.

*Matthew Horan,* for appellant Richley.

*Priscilla Karen Pope,* for appellant Orndorff.

*Charles E. Hanks,* for appellant Clines.

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Dep. Atty. Gen., for appellee.

PER CURIAM. The four petitioners were jointly tried and found guilty of the capital murder of Don Lehman and the aggravated robbery of his wife and daughter. We affirmed. *Clines, Holmes, Richley and Orndorff* v. *State,* 280 Ark. 77, 656 S.W.2d 684 (1983), *cert. denied,* ___ U.S. ___, 104 S.Ct. 1328 (1984). The petitioners have now filed a petition for relief pursuant to our postconviction rule, Rule 37.

Petitioners first allege that A.R.Cr.P. Rule 22 which gives discretion to the trial court to try defendants jointly in a capital case unconstitutionally repealed Initiated Act I of 1937. Act I entitled co-defendants in capital cases to separate trials as a matter of right. Rule 22 was promulgated pursuant to Act 470 of 1971, which was adopted unanimously by the General Assembly and "in harmony with the Court's constitutional superintending control over all trial courts." *In Re Arkansas Criminal Code Revision Commission,* 259 Ark. 863, 530 S.W.2d 672 (1975). Petitioners contend that counsel was ineffective in failing to raise the

severance issue on this ground even though counsel did ask for a severance and further raised the issue of denial of severance on appeal. Petitioners base their allegation on Amendment 7 to the Arkansas Constitution which provides:

No measure approved by a vote of the people shall be amended or repealed by the General Assembly or by any City Council, except upon a yea and nay vote on roll call, of two-thirds of all the members elected to each house of the General Assembly, or of the City Council, as the case may be.

It is true that Act 470 of 1971 (Ark. Stat. Ann. § 22-242) which allowed adoption of rules of criminal procedure had the effect of repealing some provisions which had been enacted by initiated acts. It is also true that when Act 470 was passed, the legislators could not know which initiated acts would eventually be replaced. We further agree that Act 470 in conjunction with this court's power to promulgate rules of procedure had the effect of denying petitioners separate trials. Nevertheless, while there is a serious question as to whether Initiated Act I was constitutionally repealed by Rule 22, we need not reach that question here because petitioners waived the issue by not raising it at trial and on appeal. No issue, even if it presents a question of constitutional dimension, is preserved beyond direct appeal unless it is of such fundamental nature that the judgment would be rendered void. *Neal* v. *State*, 270 Ark. 442, 605 S.W.2d 421 (1980). Such fundamental questions are few. Lack of jurisdiction is sufficient to void a judgment; as is a conviction obtained in violation of the provisions against double jeopardy. See *Martin* v. *State*, 277 Ark. 175, 639 S.W.2d 738 (1982); *Rowe* v. *State*, 275 Ark. 37, 627 S.W.2d 16 (1982). The repeal of an initiated act by means of a vote of the legislature allowing the adoption of nonspecific rules of criminal procedure, however, does not void judgments in cases tried under the adopted rules of procedure. Moreover, the trial court's denial of the petitioner's motion for severance on the grounds advanced at trial and considered on appeal is also unavailable to petitioners as a basis for postconviction relief. Grounds raised on appeal are exhausted and cannot be reargued under Rule 37. *Hill* v. *State*, 278 Ark. 194, 644

S.W.2d 282 (1983). If criminal cases are to have finality, it must be recognized that a fair trial and a full consideration of asserted error on appeal are the means by which the majority of issues are finally settled. Challenges which are not made at trial or on appeal in accordance with the controlling rules of procedure are waived. *Collins* v. *State,* 271 Ark. 825, 611 S.W.2d 182, *cert. denied,* 453 U.S. 973 (1981). Postconviction relief is limited to grounds sufficient to void the judgment or open it to collateral attack.

Petitioners have attempted to collaterally attack their judgments on the basis of ineffective assistance of counsel, alleging that counsel was ineffective for failing to raise the severance issue on the grounds that Rule 22 unconstitutionally repealed Act I of 1937; but to establish ineffective assistance of counsel, a petitioner must first show that he was prejudiced by the conduct of counsel. *Strickland* v. *Washington,* ___ U.S. ___, 104 S.Ct. 2052 (1984). On appeal, the issue of whether petitioners were prejudiced by the denial of the motion for severance was considered and decided adversely to them. Petitioners failed to demonstrate on appeal that the jury was unable to fairly distinguish between them in the guilt and penalty phases of the trial. As we said on appeal, the facts before the jury indicated that the blame for Mr. Lehman's murder rested with near equality on all four petitioners. The safeguards in our law whereby capital defendants are tried and sentenced are intended to prevent the arbitrary and capricious imposition of the death penalty. The death penalty in this case was not capriciously or arbitrarily imposed. As petitioners have failed to establish that severance was necessary to protect their right to a fair trial at any stage of the proceedings, their sentences will not be disturbed.

Petitioners also allege that the prosecutor failed to comply with discovery provisions and that the capital murder statute is unconstitutional in that (1) individual culpability is not taken into account, and (2) it is improper to place the burden on a co-defendant to prove that he did not himself commit the murder. Since each of these allegations could have been raised at trial and on appeal on the grounds stated in this petition and is not sufficient to

render the judgment void, they must be considered waived. *Swindler* v. *State*, 272 Ark. 340, 617 S.W.2d 1 (1981).

Finally, the petitioners state that the last eleven allegations contained in the petition were raised on appeal. They adopt the arguments raised at that time, but the issues are not cognizable under Rule 37 because the issues have already been decided on appeal. *Neal* v. *State*.

Petition denied.

DUDLEY and HOLLINGSWORTH, JJ., would grant.