**Darryl RICHLEY, Appellant,**

v.

**Larry NORRIS, Director, Arkansas Department of Correction, Appellee.**

No. 94–2856.

United States Court of Appeals, Eighth Circuit.

Submitted July 29, 1994.

Decided Aug. 1, 1994.

---

**1238**

Mark S. Cambiano, Morrilton, AR, for appellant.

Olan Reeves, Little Rock, AR, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, HENLEY, Senior Circuit Judge, and MAGILL, Circuit Judge.

Darryl Richley is scheduled for execution on August 3, 1994. Pending before this court is his motion for a stay of execution. He has also filed a notice of appeal from a judgment of the district court[1] denying his second petition for a writ of habeas corpus under 28 U.S.C. § 2254. We deny his motion for a stay of execution and affirm the judgment.

In October 1981 Richley and three others were found guilty of murdering Don Lehman and were sentenced to be put to death. Richley's conviction and death sentence were affirmed, *Clines v. State,* 280 Ark. 77, 656 S.W.2d 684 (1983), *cert. denied,* 465 U.S. 1051, 104 S.Ct. 1328, 79 L.Ed.2d 723 (1984), and his motion for post-conviction relief was denied. *Clines v. State,* 282 Ark. 541, 669 S.W.2d 883 (1984). Richley then filed a petition for habeas corpus, alleging eight grounds for relief. The district court rejected all of the grounds but one. *Orndorff v. Lockhart,* 707 F.Supp. 1062 (E.D.Ark.1988). The court found that the prosecutor failed to disclose that the victim's daughter, Vicki Lehman, had been hypnotized before trial and that the use of her testimony violated the Confrontation Clause. The court, however, found that the error was harmless as to Richley's conviction, but harmful as to his sentence and granted relief on this ground. *Id.* at 1070. We affirmed those portions of the court's judgment denying relief, but vacated the portion granting relief. *Orndorff v. Lockhart,* 906 F.2d 1230 (8th Cir.1990), *cert. denied,* 499 U.S. 931, 111 S.Ct. 1338, 113 L.Ed.2d 269 (1991). We held that the court's harmless-error analysis as to sentencing was flawed and remanded for a proper analysis. *Id.* at 1232. On remand, the district court found the error as to Richley's sentence was harmless. We affirmed. *Orndorff v. Lockhart,* 998 F.2d 1426 (8th Cir.1993), *cert. denied,* — U.S. —, 114 S.Ct. 1633, 128 L.Ed.2d 356 (1994). We noted that the "prosecution's case against petitioner Richley for imposition of the death penalty was strong" and held that "beyond a reasonable doubt" the use of Vicki Lehman's testimony "did not contribute to petitioner Richley's death sentence." *Id.* at 1435.

On July 25, 1994, Richley filed a second petition for a writ of habeas corpus, raising

---

1. The Honorable Henry Woods, Senior United States District Judge for the Eastern District of Arkansas.

four grounds for relief. The district court denied the petition, 860 F.Supp. 636. The court held that ground one relating to the use of Vicki Lehman's testimony and ground two relating to the joint trial were successive because they had been raised in the previous petition and rejected. The court found that Richley had not demonstrated new facts or legal theories or factual innocence which would warrant a second review. The court also held that ground three relating to the state's alleged failure to conduct comparative review of the death sentence and ground four relating to alleged error in the penalty-phase instructions were abusive because Richley had not raised them in the first petition. The court found that Richley had not demonstrated cause or prejudice to excuse his failure to raise the claims nor demonstrated that failure to review the claims would result in a fundamental miscarriage of justice.

The Supreme Court has told this court that "it is 'particularly egregious' to enter a stay on second or subsequent habeas petitions unless 'there are substantial grounds upon which relief might be granted.'" *Delo v. Blair*, — U.S. —, —, 113 S.Ct. 2922, 2923, 125 L.Ed.2d 751 (1993) (per curiam) (quoting *Herrera v. Collins*, — U.S. —, —, 113 S.Ct. 853, 873, 122 L.Ed.2d 203 (1993) (O'Connor J., concurring, joined by Kennedy, J.)). Applying this standard, we deny the motion for a stay of execution.

As the district court found, all of Richley's claims are either successive or abusive and he has not demonstrated cause or prejudice or shown that a failure to review the claims will result in a fundamental miscarriage of justice. We thus affirm the judgment of the district court. *See* 8th Cir.R. 47B.

We, however, will briefly address Richley's argument that a stay should be granted because the Supreme Court has recently granted certiorari in two cases that might cast doubt on our holding that the prosecutor's use of Vicki Lehman's testimony was harmless error. Richley relies on *Kyles v. Whitley*, 5 F.3d 806 (5th Cir.1993), *cert. granted*, — U.S. —, 114 S.Ct. 1610, 128 L.Ed.2d 338 (1994), and *O'Neal v. Morris*, 3 F.3d 143 (6th Cir.1993), *cert. granted*, —

U.S. —, 114 S.Ct. 1396, 128 L.Ed.2d 70 (1994). His reliance is misplaced. Contrary to Richley's assertion, *Kyles* does not concern the propriety of harmless-error review; the questions presented for certiorari assume the existence of a prejudice/harmful-error inquiry in the context of prosecutorial misconduct. We also note that the Supreme Court granted certiorari in *Kyles* the same day it denied certiorari of Richley's petition.

■ Richley, however, is correct that *O'Neal* presents the question of whether the state carries the burden of proof in harmless-error review of habeas corpus cases. Specifically, *O'Neal* presents the question of whether the state bears the burden under *Brecht v. Abrahamson*, — U.S. —, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). In *Brecht*, the Supreme Court held that "the correct harmless error standard in most habeas corpus cases is 'whether the error had substantial and injurious effect or influence in determining the jury's verdict.'" *Orndorff v. Lockhart*, 998 F.2d at 1430 (quoting *Brecht*, — U.S. at —, 113 S.Ct. at 1722). *O'Neal* is irrelevant to Richley's case. In his appeal after remand, this court held that *Brecht* was inapplicable because the state court had not conducted a harmless-error review, and we applied the harmless-error standard of *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). *Id.* at 1430. Under *Chapman*, the state as "'beneficiary of [the] constitutional error'" is required "'to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.'" *Orndorff*, 998 F.2d at 1429 (quoting *Chapman*, 386 U.S. at 24, 87 S.Ct. at 828).

■ We also address and reject Richley's argument that he has established cause and prejudice to excuse his failure to earlier allege that Arkansas failed to follow its state-mandated comparative review procedures. His argument largely is based on the deposition of former Arkansas Supreme Court Justice John Purtle, which was filed in another habeas corpus case pending in the Eastern District of Arkansas. This deposition does

not establish cause or prejudice.[2] We especially note that contrary to Richley's assertion, in his deposition Justice Purtle did not "attest[ ] to the fact that the state supreme court does not conduct comparative review." In fact, as to the case pending in the district court, Justice Purtle stated that he did not know "one way or the other whether a comparative review was done." Deposition at 17.

Accordingly, we affirm the judgment of the district court denying Richley's second petition for a writ of habeas corpus, see 8th Cir.R. 47B, and deny his motion for a stay of execution.

---

**2.** We note a discrepancy in the date of the deposition. The cover page of the deposition states it took place on December 30, 1992. However, the caption of the deposition states it took place on December 30, 1991. In any event, the deposition does not provide cause.